# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARGARET WATKINS WIFE OF/AND JAMES A. WATKINS INDIVIDUALLY AND ON BEHALF OF THEIR MINOR SONS, JMW, RAW, AND WJW | CASE NO. |
| Plaintiffs, | |
| v. | JUDGE |
| PLUM, PBC; NURTURE, INC.; HAIN CELESTIAL GROUP, INC.; AMAZON.COM SALES, INC.; WHOLE FOODS MARKET, INC.; AND SEWERAGE AND WATER BOARD OF NEW ORLEANS | MAGISTRATE JUDGE |
| Defendants. | |

## NURTURE, INC.'S NOTICE OF REMOVAL

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF LOUISIANA**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Nurture, Inc. ("Nurture"), removes to this Court the following state court action. Nurture files this Notice of Removal without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. The grounds for removal are as follows:

## THE REMOVED CASE

1.

The removed case is a civil action initially filed on February 1, 2022, in Civil District Court for the Parish of Orleans, State of Louisiana, styled *Margaret Watkins of/and James A. Watkins Individually and on Behalf of Their Minor Sons JMW, RAW, and WJW v. Plum, PBC; Nurture,*

*Inc.; Hain Celestial Group, Inc.; Amazon.com Sales, Inc.; Whole Foods Market, Inc.; and Sewerage and Water Board of New Orleans*, Cause No. 2022-00903.

2.

As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Nurture are attached, *in globo*, as Exhibit A to this Notice of Removal.

**DIVERSITY EXISTS BETWEEN THE PROPERLY JOINED PARTIES**

3.

As will be shown more fully below, this Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between all *properly joined* defendants and plaintiffs, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

4.

Upon information and belief, Plaintiffs, Margaret Watkins and James A. Watkins, who bring this action individually and behalf of their minor children, JMW, RAW, and WJW, (collectively "Plaintiffs") are, and were at the time of filing of this action, residents of Orleans Parish, and citizens of the state of Louisiana.[1]

5.

Upon information and belief, Defendant Nurture, Inc. ("Nurture") is not presently, and was not at the time this action was commenced, a citizen of the State of Louisiana.  Nurture is, and was at the time this action was commenced, a foreign corporation organized under the laws of Delaware with its principal place of business in New York.[2]  Therefore, Nurture is a citizen of Delaware and New York for purposes of determining diversity.

---

[1] Ex. A, Petition for Damages ("Petition") at ¶ preceding 1.
[2] *Id.* at ¶ 7(B).

6.

Upon information and belief, Defendant Plum, PBC ("Plum") is not presently, and was not at the time this action was commenced, a citizen of the State of Louisiana.  Plum is, and was at the time this action was commenced, a foreign public benefit corporation organized under the laws of Delaware with its principal place of business in California.[3]   Therefore, Plum is a citizen of Delaware and California for purposes of determining diversity.

7.

Upon information and belief, Defendant Hain Celestial Group, Inc. ("Hain") is not presently, and was not at the time this action was commenced, a citizen of the State of Louisiana. Hain is, and was at the time this action was commenced, a foreign corporation organized under the laws of Delaware with its principal place of business in New York.[4]   Therefore, Hain is a citizen of Delaware and New York for purposes of determining diversity.

8.

Upon information and belief, Defendant Amazon.com Sales, Inc. ("Amazon") is not presently, and was not at the time this action was commenced, a citizen of the State of Louisiana. Amazon is, and was at the time this action was commenced, a foreign corporation organized under the laws of Delaware with its principal place of business in Washington.[5]   Therefore, Amazon is a citizen of Delaware and Washington for purposes of determining diversity.

9.

Upon information and belief, Defendant Whole Foods Market, Inc. ("Whole Foods") is not presently, and was not at the time this action was commenced, a citizen of the State of Louisiana.

---

[3] Ex. A, Petition at ¶ 7(A).
[4] *Id.* at ¶ 7(C).
[5] *Id.* at ¶ 7(D).

Whole Foods is, and was at the time this action was commenced, a foreign corporation organized under the laws of Texas with its principal place of business in Texas.[6]  Therefore, Whole Foods is a citizen of Texas for purposes of determining diversity.

10.

Upon information and belief, Defendant the Sewerage and Water Board of New Orleans ("SWB") is a Louisiana political subdivision with its principal place of business at 625 Joseph Street, New Orleans, Louisiana 70165.[7]  The SWB, however, must be disregarded in determining diversity jurisdiction because it has been improperly joined.

11.

Accordingly, diversity of citizenship exists between Plaintiffs and the properly joined defendants, Nurture, Plum, Hain, Amazon, and Whole Foods.

**THE COURT SHOULD DISREGARD SWB'S CITIZENSHIP
BECAUSE IT HAS BEEN IMPROPERLY JOINED IN THIS ACTION**

12.

Plaintiffs have improperly joined the SWB to this action in an effort to defeat diversity jurisdiction.

13.

Federal law provides that removal based on diversity jurisdiction is proper if none "of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).

---

[6] Ex. A, Petition at ¶ 7(E).
[7] *Id.* at ¶ 7(F).

14.

Where a party has been improperly joined, the Court should disregard the citizenship of the improperly joined party for the purposes of removal. *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 812 (5th Cir. 2021). Because Plaintiffs have improperly joined the SWB to this action, the Court should disregard the SWB's citizenship.

15.

"A non-diverse defendant is improperly joined such that its citizenship can be ignored for purposes of evaluating diversity jurisdiction if the removing party shows . . . the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Williams*, 18 F.4th at 812 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). "[T]here must at least be arguably a ***reasonable basis*** for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000) (emphasis added). However, the federal pleading standard, not the state pleading standard, applies when determining whether plaintiff has failed to state a claim against a nondiverse defendant. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

16.

In considering an improper joinder, a court may conduct a Rule 12(b)(6) analysis, looking at the complaint to determine whether it states a claim under state law against the in-state defendant. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). A complaint subject to Federal Rule of Civil Procedure 8(a)(2) must contain sufficient factual allegations "to raise a right to relief above the speculative level" and therefore be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A complaint offering only "labels and

conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not plausibly allege a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 6778 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

17.

Plaintiffs' Petition contains only conclusory allegations and naked assertions of tortious conduct as to the SWB, all of which fall short of the specific, plausible factual allegations necessary to meet the federal pleading standards under Rule 8 of the Federal Rules of Civil Procedure, *Iqbal*, and *Twombly*.

18.

Plaintiffs allege exposure to gasoline additives Methyl tert-butyl ether ("MTBE") and Ethyl tertiary-butyl ether ("ETBE") because of their use (while bathing) and consumption of SWB water, and further claim that "SWB water was the ONLY source of contamination possible . . . ."[8] Plaintiffs' single cause of action against SWB is based on a manufacturing defect claim under the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51 *et seq.* ("LPLA").[9]  To establish liability under the LPLA, a plaintiff must show that (1) the defendant is a manufacturer of the product, (2) the plaintiff's damage was proximately caused by a characteristic of the product, (3) that this characteristic made the product "unreasonably dangerous," and (4) that plaintiff's damage arose from a reasonably anticipated use of the product.  *See* La. Rev. Stat. § 9:2800.54.  As will be demonstrated, Plaintiffs LPLA claim against the SWB fails to sufficiently plead these requirements, and therefore, fails as a matter of law.

---

[8] Ex. A, Petition at ¶¶ 59, 101.
[9] *Id.* at ¶¶ 98, 102.

19.

At the outset, the Petition fails to plead that the SWB is a "manufacturer" of a product as required to establish liability under the provisions of the LPLA.  *See* La. Rev. Stat. § 9:2800.53. Further, even if the SWB was sufficiently alleged to be a "manufacturer" under the LPLA, Plaintiffs fail to plead that any water supplied through the operation of the SWB was "unreasonably dangerous" because of MTBE or ETBE as required by the LPLA.  *See* La. Rev. Stat. § 9:2800.54. To the contrary, the Petition admits that Plaintiffs do not know if SWB water is contaminated with MTBE and/or ETBE at all, let alone that it is their *sole* and thus causative source of exposure.[10] Instead, they only claim that "SWB water . . . ***was tested*** for over 40 toxins including MTBE and ETBE and as of this filing the ***results are pending***."[11]  A factual allegation of testing, with no claim of any kind regarding a finding of unsafe levels, and without linking the testing period to any relevant exposure window for Plaintiffs' claimed injuries, is not sufficient to support an LPLA claim.  *Iqbal*, 556 U.S. at 6778 (quoting *Twombly*, 550 U.S. at 555, 557).

20.

Plaintiffs' LPLA claim against the SWB also fails because they fail to plead that their alleged damages were proximately caused by a "characteristic" of SWB water.  *See* La. Rev. Stat. § 9:2800.54.  Specifically, Plaintiffs do not allege that ETBE and/or MTBE exposure can cause the alleged injury, Autism Spectrum Disorder ("ASD").[12]  Plaintiffs plainly assert that their children's consumption of the Defendant Baby Food Manufacturers'[13] products caused "a diagnosis of ASD, level one in April of 2021 for JMW and the need for occupational therapy for

---

[10] Ex. A, Petition at ¶ 59.
[11] *Id.* (emphasis added).
[12] *Id.* at ¶ 53.
[13] Plaintiffs' Petition names three "Defendant Baby Food Manufacturers": Nurture, Plum, and Hain.

RAW."[14]  The Petition includes no such allegation for the alleged contaminants in SWB water.[15]

While Plaintiffs contend that "[e]xposure to MTBE has been demonstrated to cause hepatic,

kidney, and central nervous system toxicity, peripheral neurotoxicity, and cancer in animals", there

is no allegation or evidence that exposure to MTBE, an additive that Plaintiffs admit is "phased

out", caused the only diagnosed injury, ASD.[16]  These factual allegations do not raise a right to

relief above the speculative level.  *See Twombly*, 550 U.S. at 555, 570.

21.

In sum, Plaintiffs have not plead facts sufficient to state a claim under the LPLA that SWB

is a "manufacturer" of a product, that SWB water is contaminated in any way that would make it

"unreasonably dangerous," that SWB water is the source of the alleged exposures to ETBE or

MTBE, or that exposure to ETBE or MTBE has been associated with their only diagnosed injury,

ASD.  These allegations serve only one purpose—to try to defeat diversity.  SWB has thus been

improperly joined, and its citizenship should be ignored for purposes of evaluating diversity

jurisdiction.

**ALTERNATIVELY, THE COURT SHOULD DISREGARD SWB'S CITIZENSHIP
BECAUSE THE CLAIMS AGAINS IT HAVE BEEN FRAUDULENTLY MISJOINED
WITH THE CLAIMS AGAINST THE REMAINING DEFENDANTS**

22.

Alternatively, even if a valid cause of action has been plead by Plaintiffs against the SWB

(which it has not), the SWB's citizenship must not be regarded because the claims against it have

been fraudulently misjoined with the claims against the remaining defendants.  *See, e.g.*, *Tapscott*

*v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *rev'd on other grounds*, *Cohen v.*

---

[14] Ex. A, Petition at ¶ 53.
[15] *Id.* at ¶ 61.
[16] *Id.* at ¶¶ 60-61.

8

*Office Depot*, 204 F.3d 1069 (11th Cir. 2000) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action.").

23.

In determining whether diversity jurisdiction exists, the Court should disregard the citizenship of a misjoined party just as it would the citizenship of a fraudulently joined party. *Id.* The Fifth Circuit "has acknowledged that fraudulent misjoinder of either defendants or plaintiffs is not permissible to circumvent diversity jurisdiction." *Centaurus Unity v. Lexington Ins. Co*, 766 F. Supp. 2d 780, 789 (S.D. Tex. 2011) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002) ("[I]t might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction.")); *see also Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) ("recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though not fraudulently, joined"); *contra Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 814 (5th Cir. 2021) (in which a different, split panel of the Fifth Circuit found an insufficient textual basis in § 1441(b)(2) to support fraudulent misjoinder). Further district courts within the Fifth Circuit, including the Eastern District of Louisiana, have applied the fraudulent misjoinder doctrine. *See, e.g, J.O.B Invs., LLC v. Gootee Servs., LLC*, 908 F. Supp. 2d 771, 774 (E.D. La. Dec. 10, 2012) (applying *Tapscott*); *Davis v. Cassidy*, No. 11–1563, 2011 WL 6180054, at *2–3 (E.D. La. Dec. 13, 2011) (same); *Hospitality Enters. Inc. v. Westchester Surplus Lines Ins. Co.*, No. 11–234, 2011 WL 1303954, at *2–3 (E.D. La. March 31, 2011) (same); *Turner v. Murphy Oil USA, Inc.*, No. 05–4206, 2007 WL 2407310, at *5 (E.D. La. Aug. 20, 2007) (same).

24.

Federal Rule of Civil Procedure 20(a)(2) permits joinder of defendants when both "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or

arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  In pertinent part, Louisiana Code of Civil Procedure article 463 allows joinder of parties as defendants if "[t]here is a community of interest between the parties joined."  La. Code Civ. Proc. art. 463(1).  The SWB is improperly joined under either standard, and, therefore, choice of law need not be addressed.

25.

As to the federal joinder standard, Plaintiffs' claims against the SWB do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as their claims against all other Defendants.  *See* Fed. R. Civ. P. 20(a)(2).  And, as to the state standard, there is no community of interest between the parties joined.  *See* La. Code Civ. Proc. art. 463(1).  Plaintiffs allege that their consumption of the SWB water exposed all of Plaintiffs' family to dangerously high levels of gasoline additives.[17]  Separately, Plaintiffs allege that their sons', JMW's and RAW's, consumption of baby foods manufactured and sold by all remaining defendants exposed JMW and RAW to "Toxic Heavy Metals."[18]  These are (1) different exposures, (2) from different products, (3) to different individuals, (4) via different means, (5) containing allegedly different toxins, (6) resulting in different alleged injuries.

26.

The conduct at issue between the distinct claims did not arise from the same transaction or occurrence because the claims are premised on different conduct that took place at different times and in different locations.  *See* Fed. R. Civ. P. 20(a)(2).  Any contamination of the SWB water with gasoline additives, ETBE and MTBE, is in no way connected to contamination of baby food

---

[17] Ex. A, Petition at ¶ 59.
[18] *Id.* at ¶ 53.

with heavy toxic metals, such as arsenic, lead, cadmium, or mercury.[19]  Plaintiffs purchased and consumed these products at different locations, over different time periods.  And, while only certain Plaintiffs (JMW and RAW) allege injury from consumption of baby food, all Plaintiffs allege exposure to gasoline additives from their use and consumption of SWB water.[20]

27.

Furthermore, there is no community of interest between the parties joined.  La. Code Civ. Proc. art. 463(1).  Plaintiffs do not allege that the liability of the SWB is premised in any way on the liability of the defendants that manufactured or sold baby food.  For example, there is no allegation that Plum, Nurture, or Hain's baby food was contaminated with SWB water.  Nor is there any allegation that Plaintiffs purchased contaminated SWB water from the baby food seller defendants, Amazon and Whole Foods.

28.

Because Plaintiffs' claims against the SWB and the Baby Food Defendants are completely distinct, the facts and expert testimony supporting these claims will be completely different.  The claims against the Baby Food Defendants will require evidence on the design, testing, manufacture, and sale of the allegedly defective baby food, whereas the claims against the SWB will require entirely separate evidence on the testing and sale of SWB water.  Similarly divergent evidence will be needed to establish what, if any, injuries can result from the consumption of heavy metals, on the one hand, and gasoline additives, on the other.

29.

Further, the Court's authority to drop non-diverse defendants is even broader than the misjoinder doctrine alone might imply.  Federal Rule of Civil Procedure 21 provides that "[o]n

---

[19] Ex. A, Petition at ¶ 11.
[20] *Id.* at ¶ 59 ("Subsequent testing of the rest of the family indicated exposure by the entire family . . . .").

motion or on its own, the court may at any time, on just terms, add or drop a party."  Rule 21 applies to even properly joined parties.  *See DeGidio v. Centocor, Inc.*, No. 3:09-cv-00721, 2009 WL 1867676, at *9 (N.D. Ohio June 29, 2009) (collecting authority).  Thus, courts can utilize Rule 21 to achieve or perfect diversity jurisdiction by dropping dispensable, non-diverse parties.  *See, e.g.*, *Elliott v. Tilton*, 89 F.3d 260, 262 (5th Cir. 1996) ("We recognize that under *Newman-Green, Inc. v. Alfonzo-Larrain*, this Court has the authority to dismiss dispensable nondiverse parties."); *Ellison Steel, Inc. v. Greystar Const. LP*, 199 Fed. Appx. 324, 328 (5th Cir. 2006) ("We note for the district court's benefit that if it finds GDC non-diverse, it could cure the jurisdictional defect by dismissing GDC from the action.").

30.

Accordingly, under Federal Rules of Civil Procedure 20 and 21, and/or Louisiana Code of Civil Procedure article 463, Plaintiffs' claims against the SWB can—and should—be severed and remanded to state court, while Plaintiffs' claims against the other defendants (Nurture, Plum, Hain, Amazon, and Whole Foods), all of whom are manufacturers or sellers of baby food, should remain in federal court.

<strong>PLAINTIFFS' CLAIMS EXCEED<br><u>THE JURISDICTIONAL AMOUNT OF THIS COURT</u></strong>

31.

In their state court Petition, Plaintiffs allege that consumption of baby food manufactured by Nurture, Plum, and Hain and sold by Amazon and Whole Foods resulted in one of their son's Autism Spectrum Disorder diagnosis and their other son's need for occupational therapy.[21]

---

[21] Ex. A, Petition at ¶ 53.

32.

Consistent with Louisiana law, Plaintiffs did not allege a specific monetary amount of damages. *See* La. Code Civ. Proc. art. 893(A)(1). Instead, they broadly allege various categories of damages, including: past, present, and future physical pain and suffering; past, present, and future mental anguish and emotional distress; past, present, and future medical expenses, including medical monitoring; past, present, temporary and/or permanent disability and/or disfigurement; loss of wages and loss of earning capacity; economic loss; loss of consortium; attorney fees and costs; and loss of enjoyment of life, past and future.[22]

33.

When a plaintiff does not allege a specific amount of damages, the Federal Court of Appeals for the Fifth Circuit has established a "clear analytical framework for resolving disputes concerning the amount in controversy." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)). The defendant may make this showing in two ways: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit— that support a finding of the requisite amount." *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)) (emphasis in original).

34.

It is facially apparent from Plaintiffs' Petition for Damages that the amount in controversy exceeds $75,000.00. Plaintiffs' lawsuit stems from one of their children's (JMW's) diagnosis of

---

[22] Ex. A, Petition at ¶ 112.

ASD, as well as their other child's (RAW's) need for occupational therapy, both of which they believe were caused by their consumption of baby food.  As outlined above, Plaintiffs seek 9 different categories of damages, including for "temporary and/or permanent disability and/or disfigurement."[23]  Further, Plaintiffs set out in detail the costly and lifelong care individuals with ASD can require.[24]  As they state, "[m]any people with ASD require substantial support in their daily lives, many children with ASD have difficulty learning, and . . . [m]any children with ASD continue to have difficulty with language and social skills throughout the course of their lives, and the teen years can bring worse behavioral and emotional problems which may impose severe limitations to their quality of life."[25]  Alleged damages resulting in the Plaintiffs' minor children's need for "substantial support in their daily lives" and "severe limitations to their quality of life" clearly exceed the jurisdictional amount of this Court.

35.

Furthermore, Plaintiffs do not allege that the amount in controversy is less than $75,000.00. *See* La. Code Civ. Proc. art. 893(A)(1).  While not determinative, the absence of such an allegation is another factor indicating that the amount in controversy is satisfied.  *Mach. Paver Sales, Inc. v. Bomag Americas, Inc.*, No. CIV. A. 06-697-D-M3, 2007 WL 2900489, at *3 (M.D. La. Oct. 1, 2007) (Brady, J.).

**THE NOTICE OF REMOVAL IS TIMELY**

36.

Under 28 U.S.C. § 1446(b), this removal is timely.  This Notice of Removal is filed within 30 days of February 3, 2022, the date of service of the initial pleading upon Hain.

---

[23] Ex. A, Petition at ¶ 112(d).
[24] *Id.* at ¶¶ 17-21.
[25] *Id.* at ¶¶ 18-20.

14

## VENUE IS PROPER IN THE EASTERN DISTRICT OF LOUISIANA

### 37.

The United States District Court for the Eastern District of Louisiana is the proper venue for removal under 28 U.S.C. § 1441(a) because the Eastern District encompasses Orleans Parish, Louisiana.

## REMOVAL IS OTHERWISE PROCEDURALLY PROPER

### 38.

All defendants other than Nurture which have been properly joined to this lawsuit have consented to this Notice of Removal.  28 U.S.C. § 1446(b)(2)(A).[26]  Improperly joined SWB is not required to consent to removal.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993).

### 39.

A copy of this Notice of Removal is being served upon Plaintiffs' counsel and a copy is being filed in the Civil District Court for the Parish of Orleans, State of Louisiana in accordance with 28 U.S.C. § 1446(d).[27]

### 40.

Nurture and all named Defendants hereby reserve any and all rights to assert, as defenses to Plaintiffs' Petition for Damages, all defenses permitted by Rule 12 of the Federal Rules of Civil Procedure and by Louisiana law, as well as all other jurisdictional, procedural and venue defenses to the merits of the action.

### 41.

Nurture hereby reserves the right to amend or supplement this Notice of Removal.

---

[26] *See* Exhibits B, C, D, and E, Consents to Removal.
[27] Exhibit F, State Court Notice of Filing of Removal.

## CONCLUSION

42.

As shown above, the properly joined parties to this action are citizens of different states and the amount in controversy exceeds $75,000.00.  Therefore, federal diversity jurisdiction exists, and removal of this action is appropriate under 28 U.S.C. § 1441(a).

WHEREFORE, Defendant, Nurture, Inc., respectfully requests that the above-captioned action pending against it in Civil District Court for the Parish of Orleans, State of Louisiana be removed to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**IRWIN FRITCHIE URQUHART & MOORE LLC**

/s/ *Gabriel J. Winsberg*
QUENTIN F. URQUHART, JR. (La. Bar No. 14475)
CAMALA E. CAPODICE (La. Bar. No. 29117)
GABRIEL J. WINSBERG (La. Bar No. 38943)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Fax: (504) 310-2101
qurquhart@irwinllc.com
ccapodice@irwinllc.com
gwinsberg@irwinllc.com

COUNSEL FOR DEFENDANT NURTURE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I have, on the 4th day of March, 2022, caused a copy of the foregoing to be filed electronically and served on all counsel of record via email, facsimile, or U.S. Mail. Notice of this filing will also be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ *Gabriel J. Winsberg*