UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARGARET WATKINS WIFE OF/AND                    CIVIL ACTION
JAMES A. WATKINS INDIVIDUALLY
AND ON BEHALF OF THEIR MINOR
SONS, JMW, RAW, AND WJW

VERSUS                                          NO: 22-551

PLUM, PBC; NURTURE, INC.; HAIN
CELESTIAL GROUP, INC.;                          SECTION: "A" (4)
AMAZON.COM SALES, INC.; WHOLE
FOODS MARKET, INC.; AND
SEWERAGE AND WATER BOARD OF
NEW ORLEANS

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 15 & 23)** filed

by the defendants, Plum, PBC; Hain Celestial Group; Amazon.com Sales; and Whole Foods

Market. The Plaintiffs oppose the motion. The motion, submitted for consideration on May 11,

2022, is before the Court on the briefs without oral argument.

The plaintiffs, the Watkins and their minor children, filed this action to recover for alleged

cognitive and neurological injuries sustained from consuming baby food with alleged "Toxic

Heavy Metals," resulting in JMW's Autism Spectrum Disorder ("ASD") and RAW's need for

occupational therapy.   Plaintiff alleges that JMW almost exclusively consumed Baby Foods

manufactured by Plum, Hain, and Nurture and sold by Amazon and Whole Foods to Plaintiff

JMW's parents from August of 2018 to February 4, 2021.   Plaintiffs also allege that Plaintiff

RAW consumed, to a lesser degree, Baby Foods manufactured and sold by the above-named

defendants.   Both plaintiffs RAW and JMW have been diagnosed with ASD, with Plaintiff RAW

needing occupational therapy.   Plaintiffs allege that exposure to such "Toxic Heavy Metals" can

cause or substantially contribute to ASD in humans.   Further, Plaintiffs alleged that exposure to

arsenic in the level allegedly contained in Defendants' Baby Foods can damage mitochondria tothe consumer.

On March 28, 2022, Whole Foods moved dismiss itself from this action due to lack of personal jurisdiction.   **(Rec. Doc. 15).**   No other defendants adopted this motion.   Additionally, the Court has before it a motion to dismiss for failure to state a claim originally filed by Nurture and adopted by Plum. **(Rec. Doc. 23).**

The first question before this Court is whether a non-resident holding company can be subjected to personal jurisdiction in Louisiana.   Whole Foods has argued that because it is not a resident of Louisiana, it does not contract business in Louisiana, and it is little more than a holding company for the operating company that does sell products to Louisiana citizens like the Watkins family. Whole Foods argues that it cannot be subjected to personal jurisdiction in federal court in Louisiana.

The plaintiff bears the burden of establishing personal jurisdiction over the defendant, which includes pleading a prima facie case for personal jurisdiction in the forum state. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005) (citing *Felch v. Transportes Lar-Mex S.A. De CV*, 92 F.3d 320, 326 (5th Cir. 1996)). The plaintiff likewise bears the burden of demonstrating the necessity of jurisdictional discovery. *Monkton Ins. Servs. Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (citing *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)). A plaintiff is not entitled to jurisdictional discovery when "the record shows that the requested discovery is not likely to produce the facts needed to withstand a [motion to dismiss]." *Id.* (quoting *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009)). Discovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises an issue of fact. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (citing *Wyatt v, Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)). The decision whether jurisdictional discovery should be allowed lies within the trial court's discretion. *See Wyatt*, 686 F.2d at 283-84.

Integral to the personal jurisdiction analysis in this case is the determination of whether the actions of an operating company can be attributed to the parent holding company.   In that analysis, the Court must turn to a fact-intensive "alter-ego" factor test.   *United States v. Jon-T Chemicals, Inc.*, 768 F.2d 688 (5th Cir. 1985).   Those factors include:

> (1) the parent and the subsidiary have common stock ownership;
> (2) the parent and the subsidiary have common directors or officers;
> (3) the parent and the subsidiary have common business departments;
> (4) the parent and the subsidiary file consolidated financial statements and tax returns;
> (5) the parent finances the subsidiary;
> (6) the parent caused the incorporation of the subsidiary;
> (7) the subsidiary operates with grossly inadequate capital;
> (8) the parent pays the salaries and other expenses of the subsidiary;
> (9) the subsidiary receives no business except that given to it by the parent;
> (10) the parent uses the subsidiary's property as its own;
> (11) the daily operations of the two corporations are not kept separate; and
> (12) the subsidiary does not observe the basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings.

*Id.* at 692.   The Court must base its determination on the totality of the circumstances.   *Id.* at 694.   This "alter-ego" test is particularly fact intensive.   Most of the information that is the basis for a number of these factors is not normally available for the public to seek out, notwithstanding any initial discovery.

Here, neither party has produced any meaningful evidence so that this Court could reach a conclusion one way or the other, *at this time*.   Because of the lack of clarification on those core questions, and before this Court delves into the merits of this action or the merits of any personal jurisdiction analysis, this Court **DISMISSES WITHOUT PREJUDICE** Whole Foods' motion to dismiss for lack of personal jurisdiction and **GRANTS** Plaintiff's request for jurisdictional discovery.

Secondly, this Court was asked to determine if Plaintiff failed to allege sufficient facts to demonstrate a plausible claim for relief against Nurture and Plum, specifically for all three minor children JMW, RAW, and WJW.   FRCP 12(b)(6) permits a court to dismiss a complaint when a

plaintiff has failed to state a claim for which relief can be granted.   To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id.* at 667 Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id.* A complaint states a "plausible claim for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986).   The Court must not look beyond the four corners of the pleadings to determine whether any relief should be granted. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Here, Plaintiff has consented to the dismissal of all WJW's claims without prejudice. This Court will grant Nuture's motion as to that plaintiff.   However as to the remaining claims, this Court will deny the motion to dismiss because Plaintiff's JMW and RAW's allegations, if taken as true, are plausible and contained sufficient factual matters under the Louisiana Product Liability Act.   The allegations, on their face in the four corners of the complaint, are properly pleaded with particularity.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 15)** filed by Defendant, Whole Foods Market, is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's request to **Conduct Jurisdictional Discovery (Rec. Doc. 19)** filed by Plaintiff within their response in Opposition to Whole Foods' motion to dismiss, is **GRANTED**.

IT IS FURTHER ORDERED that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 23)** filed by Defendant, Nurture and Plum, is **DENIED IN PART, AND GRANTED IN PART**.

September 23, 2022

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE