UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET WATKINS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-551** |
| **PLUM, PBC, ET AL** | **SECTION: "P" (2)** |

## ORDER

Before the Court is an "*Ex Parte* Motion for Leave to File Under Seal Exhibits A, D, and E to Supplemental Memorandum in Support of Subject Matter Jurisdiction and in Opposition to Motion to Remand" filed by Defendant Nurture, LLC ("Nurture").[1] For the following reasons, Nurture's motion is **DENIED**, with the right to be re-urged as instructed below.

## LAW AND ANALYSIS

The Fifth Circuit has advised that "[t]o decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[2] "[T]he working presumption is that judicial records should not be sealed. . . . And, to the extent that any sealing is necessary, it must be congruent to the need."[3] "Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption."[4] Thus, while there is a presumption of public access to judicial records, court have recognized that this access is not absolute.[5]

---

[1] R. Doc. 181.
[2] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).
[3] *Id.*
[4] *Shell Offshore, Inc. v. Eni Petroleum US LLC*, No. 16-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (quoting *Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005)).
[5] *See, e.g., S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)); *North Cypress Medical Center Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203-04 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information) (citations omitted); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La.

Nurture requests to file under seal three exhibits, namely the Limited Liability Company Agreements for Nurture, LLC, Happy Family Holding Company, LLC, and The Dannon Company, LLC, respectively. Nurture contends these exhibits "contain confidential information related to Nurture's corporate structure, finances, and innerworkings."[6] While the Court agrees that the exhibits contain confidential business information that Nurture and the other private entities have an interest in protecting and that this interest outweighs the public's interest in such information, the Court does not find that confidential business information is found on every page of each proposed exhibit. Thus, the Court does not find that filing the entirety of each agreement under seal is appropriate. This is especially true considering Nurture previously filed certain excerpts from these agreements into the record, unsealed.[7]

Accordingly, the Court denies Nurture's request to file these exhibits under seal in their entirety. Nurture is encouraged to redact the portions of the agreements that contain confidential business information and then seek leave to file the redacted versions of the exhibits into the record.

## CONCLUSION

**IT IS ORDERED** that Defendant Nurture, LLC's *Ex Parte* Motion for Leave to File Under Seal Exhibits A, D, and E to Supplemental Memorandum in Support of Subject Matter Jurisdiction and in Opposition to Motion to Remand (R. Doc. 181) is **DENIED**, with the right to be re-urged as instructed herein.

---

Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in [that] particular information") (citations omitted); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).

[6] R. Doc. 181.
[7] *See* R. Docs. 119-2, 119-5, and 119-6.

New Orleans, Louisiana, this 31st day of August 2023.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**