UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARGARET WATKINS, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO. 22-551 |
| PLUM, PBC, ET AL | * | SECTION "P" (2) |

### ORDER AND REASONS

Before me is Plaintiffs' Motion for Leave to Amend Complaint. ECF No. 183. This motion was scheduled for submission on September 20, 2023. As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, September 12, 2023. *See* E.D. La. L.R. 7.5.

Having considered the record, the argument of counsel, the lack of opposition, and the applicable law, and after finding that the motion has merit, the motion is GRANTED for the reasons that follow.

### LAW AND ANALYSIS

Plaintiffs seek to file a second amended complaint to add a punitive damages claim, correct the named defendant corporate entities, and more fully describe the factual background. ECF No. 183 at 2. Plaintiffs timely sought leave to amend before the deadline set forth in the July 27, 2023 Scheduling Order. *See* ECF No. 136. Thus, the request for leave to amend is governed by Fed. R. Civ. P. 15(a) rather than the more stringent good cause requirements of Fed. R. Civ. P. 16(b).[1]

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so

---

[1] *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired and allows modification only for good cause and with the judge's consent; the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing Fed. R. Civ. P. 16(b)).

1

requires."[2] The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[3] Given Rule 15(a)'s "bias in favor of granting leave to amend,'" absent a "substantial reason," the court's discretion "is not broad enough to permit denial."[4]

None of the Defendants filed an Opposition to Plaintiffs' motion. Given the stage of this case and the Defendants' failure to identify any basis to oppose the motion, there is no "substantial reason" to deny Plaintiffs' request for leave to amend under Rule 15(a). Accordingly, for the foregoing reasons and considering the record, the submission, the lack of opposition filed by any party, the failure to demonstrate of prejudice from granting leave to amend, and the applicable law,

IT IS ORDERED that Plaintiffs' Motion for Leave to File Amend Complaint (ECF No. 183) is GRANTED;

IT IS FURTHER ORDERED that the Clerk file Plaintiff's Proposed Amended Complaint (ECF No. 183-1) into the court record.

New Orleans, Louisiana, this 15th day of September, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[2] Fed. R. Civ. P. 15(a)(2). Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[3] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[4] *Id.* at 595 (citation omitted); *Mayeaux*, 376 F.3d at 425 (footnote omitted) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).