**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| MARGARET WATKINS WIFE OF/AND JAMES A. WATKINS INDIVIDUALLY AND ON BEHALF OF THEIR MINOR SONS, JMW, RAW, AND WJW, | CASE NO.  22-cv-00551 |
| Plaintiffs, | DISTRICT JUDGE DARRELL JAMES PAPILLION |
| v. | |
| PLUM, PBC; NURTURE, INC.; HAIN CELESTIAL GROUP, INC.; AMAZON.COM SALES, INC.; WHOLE FOODS MARKET, INC.; AND SEWERAGE AND WATER BOARD OF NEW ORLEANS, | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |
| Defendants. | |

## DEFENDANT THE HAIN CELESTIAL GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED PETITION FOR DAMAGES

Defendant The Hain Celestial Group, Inc. ("Hain"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Petition for Damages.

## INTRODUCTION

1.

Hain admits that the entities identified are named as defendants in the above-captioned suit.  Hain admits that Plaintiff JMW is a five-year-old boy whose parents and guardians, Margaret Watkins and James A. Watkins, seek to represent him in this lawsuit *ad litem*.  Hain admits that it sells baby food products.

Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 1 relating to Plaintiff's alleged injuries and therefore denies the same.  Hain denies the remaining allegations in Paragraph 1 insofar as they relate to Hain.  Hain expressly denies that the miniscule levels of metals naturally occurring in the soils that house the fruits, vegetables, and/or grains used to manufacture the products (hereinafter "naturally occurring metals") that exist in certain baby foods present a safety issue.  Further, the last sentence of Footnote 1 to Paragraph 1 purports to allege legal conclusions that do not require a response, and on that basis Hain denies those allegations.

Moreover, Paragraph 1 contains allegations directed to other Defendants for which no answer is required from Hain.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies the same.

2.

The report cited speaks for itself, and Hain denies any inaccurate characterization or interpretation of the report to which Plaintiff refers in Paragraph 2 when read in context and in its entirety.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

Moreover, Paragraph 2 contains allegations directed to other Defendants for which no answer is required from Hain.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations directed to other Defendants in Paragraph 2 and therefore denies the same.

2

3.

Hain admits only that certain baby food products sold contain extremely low levels of naturally occurring metals.  Hain denies the remaining allegations and characterizations in Paragraph 3, including any suggestion, allegation, or insinuation that its products are defective or contain dangerous levels of naturally occurring metals.  Hain expressly denies Plaintiff's allegation that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

4.

Hain expressly denies that it was in any way malicious, reckless, or misleading and expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain likewise expressly denies any suggestion, allegation, or insinuation that its products are "poisonous."  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 4 concerning Plaintiff's alleged injuries and therefore denies the same.

## **PARTIES**

5.

Hain admits that Plaintiff currently resides in New Orleans, Louisiana.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 5 and therefore denies the same.

6.

Hain admits that it is a corporation organized under the laws of Delaware with its principal place of business in Colorado.  Hain also admits that it sells baby food products under the "Earth's Best Organics" brand name.  Hain further admits that Earth's Best brand baby food

3

is available for sale nationwide.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 6.

7.

Paragraph 7 contains allegations directed to other Defendants for which no answer is required from Hain.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 7 and therefore denies the same.

8.

Paragraph 8 contains allegations directed to other Defendants for which no answer is required from Hain.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 8 and therefore denies the same.

9.

Paragraph 9 contains allegations directed to other Defendants for which no answer is required from Hain.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 9 and therefore denies the same.

10.

Hain admits that DOES 1 through 100 are named as defendants in Plaintiff's Amended Petition for Damages.  The remaining allegations in Paragraph 10 are directed to other Defendants, and as such no answer is required from Hain.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 10 and therefore denies the same.

## JURISDICTION AND VENUE

### 11.

Paragraph 11 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.

### 12.

Paragraph 12 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.

### 13.

Hain admits that Defendants removed the above-captioned suit on March 4, 2022 on the basis of diversity jurisdiction and that Plaintiff has moved to remand.  The remaining allegations in Paragraph 13 purport to allege legal conclusions to which no response is required, and on that basis Hain denies the allegations.

## FACTS

### 14.

Hain admits that HBBF published a report.  The report cited speaks for itself, and Hain denies any inaccurate characterization or interpretation of the report to which Plaintiff refers in Paragraph 14 when read in context and in its entirety.

### 15.

The materials referenced in Paragraph 15 speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiff refers in Paragraph 15 when read in context and in their entirety.

16.

Hain admits that the Subcommittee issued a report.  The report cited speaks for itself, and
Hain denies any inaccurate characterization or interpretation of the report to which Plaintiff
refers in Paragraph 16 when read in context and in its entirety.

17.

The report cited speaks for itself, and Hain denies any inaccurate characterization or
interpretation of the report to which Plaintiff refers in Paragraph 17 when read in context and in
their entirety.  Hain admits only that certain baby food products sold contain extremely low
levels of naturally occurring metals.  Hain expressly denies that these miniscule levels of
naturally occurring metals present a safety issue.

18.

The report cited speaks for itself, and Hain denies any inaccurate characterization or
interpretation of the report to which Plaintiff refers in Paragraph 18 when read in context and in
their entirety.  Hain admits only that certain baby food products sold contain extremely low
levels of naturally occurring metals.  Hain expressly denies that these miniscule levels of
naturally occurring metals present a safety issue.  Moreover, Paragraph 18 contains allegations
directed to other Defendants for which no answer is required from Hain.  To the extent that an
answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth
or accuracy of the allegations in Paragraph 18 and therefore denies the same.

19.

The report cited speaks for itself, and Hain denies any inaccurate characterization or
interpretation of the report to which Plaintiff refers in Paragraph 19 when read in context and in
their entirety.  Hain admits only that certain baby food products sold contain extremely low

6

levels of naturally occurring metals.  Hain expressly denies that these miniscule levels of naturally occurring metals present a safety issue.  Moreover, Paragraph 19 contains allegations directed to other Defendants for which no answer is required from Hain.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 19 and therefore denies the same.

20.

The report cited speaks for itself, and Hain denies any inaccurate characterization or interpretation of the report to which Plaintiff refers in Paragraph 20 when read in context and in their entirety.  Hain admits only that certain baby food products sold contain extremely low levels of naturally occurring metals.  Hain expressly denies that these miniscule levels of naturally occurring metals present a safety issue.  Moreover, Paragraph 20 contains allegations directed to other Defendants for which no answer is required from Hain.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 20 and therefore denies the same.

21.

Hain admits only that certain baby food products sold contain extremely low levels of naturally occurring metals.  Hain expressly denies that these miniscule levels of naturally occurring metals present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 21 and therefore denies the same.   Moreover, Paragraph 21 contains allegations directed to other Defendants for which no answer is required from Hain.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 21 and therefore denies the same.

7

22.

The materials referenced, including the Subcommittee report and alleged statements to the Food and Drug Administration ("FDA"), speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiff refers in Paragraph 22 when read in context and in their entirety.  Hain admits only that certain baby food products sold contain extremely low levels of naturally occurring metals.  Hain expressly denies that these miniscule levels of naturally occurring metals present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 22 and therefore denies the same.  Moreover, Paragraph 22 contains allegations directed to other Defendants for which no answer is required from Hain.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 13 and therefore denies the same.

23.

Hain admits only that it made a presentation to the FDA in August 2019.  The materials cited speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiff refers in Paragraph 23 when read in context and in their entirety. Hain likewise denies any suggestion, allegation, or insinuation that its meeting with the FDA was somehow secretive or otherwise inappropriate.

24.

Paragraph 24 does not assert any allegation requiring a response.  To the extent that an answer is required, Hain admits only that certain baby food products sold contain extremely low levels of naturally occurring metals.  Hain expressly denies that these miniscule levels of naturally occurring metals present a safety issue.

25.

Hain denies the allegations in Paragraph 25. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

26.

The materials referenced speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiff refers in Paragraph 26 when read in context and in their entirety.

27.

The materials referenced speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiff refers in Paragraph 27 when read in context and in their entirety. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 27 and therefore denies the same.

28.

Hain admits only that certain baby food products sold contain extremely low levels of naturally occurring metals. Hain expressly denies that these miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 28 and therefore denies the same.

29.

The materials referenced speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiff refers in Paragraph 29 when

read in context and in their entirety.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 29 and therefore denies the same.

30.

The materials referenced speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiff refers in Paragraph 30 when read in context and in their entirety.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 30 and therefore denies the same.

31.

The materials referenced speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiff refers in Paragraph 31 when read in context and in their entirety.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 31 and therefore denies the same.

32.

The materials referenced speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiff refers in Paragraph 32 when read in context and in their entirety.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 32 and therefore denies the same.

33.

The materials referenced speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiff refers in Paragraph 33 when read in context and in their entirety.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 33 and therefore denies the same.

34.

Hain denies the characterization and insinuation that "a robust body of data" supports an association between the trace levels of naturally occurring metals that exist in certain baby foods and autism spectrum disorder.  The materials referenced in Paragraph 34 speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiff refers in Paragraph 34 when read in context and in their entirety.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 34 and therefore denies the same.

35.

Hain denies the characterization and insinuation that the referenced studies "strongly support[] a causal relationship" between the trace levels of naturally occurring metals that exist in certain baby foods and autism spectrum disorder.  The materials referenced speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to

11

which Plaintiff refers in Paragraph 35 when read in context and in its entirety. Hain expressly denies that these miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 35 and therefore denies the same.

36.

Hain admits only that it has co-manufactured and sold baby food products in the United States. Hain denies the remaining allegations in Paragraph 36. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue. Moreover, Paragraph 36 contains allegations directed to other Defendants for which no response from Hain is required.

37.

The materials referenced speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiff refers in Paragraph 37 when read in context and in their entirety. Hain admits only that certain baby food products sold contain extremely low levels of naturally occurring metals. Hain expressly denies that these miniscule levels of naturally occurring metals present a safety issue. Moreover, Paragraph 37 contains allegations directed to other Defendants for which no response from Hain is required.

38.

The materials referenced speak for themselves, and Hain denies any inaccurate characterization or interpretation of the materials to which Plaintiff refers in Paragraph 38 when read in context and in their entirety. Hain admits only that certain baby food products sold contain extremely low levels of naturally occurring metals. Hain expressly denies that these

12

miniscule levels of naturally occurring metals present a safety issue.  Moreover, Paragraph 38 contains allegations directed to other Defendants for which no response from Hain is required.

39.

Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 39 and therefore denies the same.  Moreover, Paragraph 39 contains allegations directed to other Defendants for which no response from Hain is required.

40.

Hain admits only that it made a presentation to the FDA in August 2019.  The presentation cited speaks for itself, and Hain denies any inaccurate characterization or interpretation of the presentation to which Plaintiff refers in Paragraph 40 when read in context and in their entirety.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 40 contains allegations directed to other Defendants for which no response from Hain is required.

41.

Hain admits only that it co-manufactured, marketed, and sold certain baby food products and that certain baby food products contain extremely low levels of naturally occurring metals. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain likewise expressly denies any allegation that it intentionally, willfully, wantonly, oppressively, or recklessly engaged in conduct that resulted in injuries to Plaintiff and that Hain engaged in any conduct with reckless disregard for human life. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the

13

allegation that babies are "far more susceptible to adults" to any alleged neurotoxic effects of naturally occurring metals and therefore denies the same.

42.

Hain admits only that it co-manufactured, marketed, and sold certain baby food products and that certain baby food products contain extremely low levels of naturally occurring metals. Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations that Defendants market their products with the particular language alleged in Paragraph 42 and therefore denies the same.  To the extent Paragraph 42 refers to specific labels or marketing materials, the content of those labels or materials speaks for itself.  Hain denies the remainder of the allegations in Paragraph 42.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain also expressly denies that it deliberately mislead consumers in any way.

43.

Hain admits only that it researched, tested, co-manufactured, marketed, and sold certain baby food products and that certain baby food products contain extremely low levels of naturally occurring metals.  Hain denies the remainder of the allegations in Paragraph 43.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain also expressly denies that it deliberately mislead consumers in any way for financial gain or any other purpose and that it acted in conscious disregard of Plaintiff's rights.

44.

Paragraph 44 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.

45.

Paragraph 45 does not assert any allegation requiring a response.  To the extent than an answer is required, Hain admits that Plaintiff seeks the relief set forth in this Paragraph.  Hain denies that Plaintiff is entitled to any relief whatsoever.

## PLAINTIFF-SPECIFIC ALLEGATIONS

46.

Hain admits that Plaintiff was born on April 5, 2018 and diagnosed with ASD at some point in 2018.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 46.

47.

Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 47 and therefore denies the same.

48.

Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 48 and therefore denies the same.

49.

No answer is required from Hain because the allegations in Paragraph 49 are directed to Defendant Nurture.  To the extent a response is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 49 relating to foods allegedly consumed by Plaintiff and therefore denies the same.

50.

No answer is required from Hain because the allegations in Paragraph 50 are directed to Defendant Nurture.  To the extent a response is required, Hain lacks knowledge or information

sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 50 relating to foods allegedly consumed by Plaintiff and therefore denies the same.

51.

No answer is required from Hain because the allegations in Paragraph 51 are directed to Defendant Nurture.  To the extent a response is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 51 and therefore denies the same.

52.

No answer is required from Hain because the allegations in Paragraph 52 are directed to Defendant Nurture.  To the extent a response is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 52 relating to foods allegedly consumed by Plaintiff or relating to Plaintiff's alleged injuries and therefore denies the same.

53.

Hain admits only that it co-manufactured certain baby food products and that certain baby food products contain extremely low levels of naturally occurring metals.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain likewise expressly denies any suggestion, allegation, or insinuation that its products are "contaminated."  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 53 that Plaintiff consumed baby foods co-manufactured by Hain and therefore denies the same.

54.

Hain admits only that certain baby food products contain extremely low levels of naturally occurring metals.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 54 that Plaintiff consumed baby foods co-manufactured by Hain and therefore denies the same.

55.

Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 55 and therefore denies the same.

56.

Hain admits only that certain baby food products contain extremely low levels of naturally occurring metals.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 56 relating to foods allegedly consumed by Plaintiff or relating to Plaintiff's alleged injuries and therefore denies the same.

57.

Hain denies the allegations in Paragraph 57.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

58.

Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 58 and therefore denies the same.

59.

Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 59 and therefore denies the same.

60.

Paragraph 60 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  Hain also expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

## CAUSES OF ACTION

### Count I: Products Liability—Failure to Warn (Against Manufacturer Defendants)

61.

Hain reincorporates and realleges its Responses to Paragraphs 1−60 of Plaintiff's Amended Petition for Damages.

62.

Hain admits only that it designed, tested, co-manufactured, marketed, distributed, and sold certain baby foods.  The remaining allegations in Paragraph 62 purport to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  Hain

18

expressly denies Plaintiff's allegation that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue. Moreover, Paragraph 62 contains allegations directed to other Defendants for which no response from Hain is required.

63.

Hain admits only that it designed, tested, co-manufactured, marketed, distributed, and sold certain baby foods. The remaining allegations in Paragraph 63 purport to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations. Hain expressly denies Plaintiff's allegation that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue. Moreover, Paragraph 63 contains allegations directed to other Defendants for which no response from Hain is required.

64.

Paragraph 64 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations. Hain expressly denies Plaintiff's allegation that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue. Moreover, Paragraph 64 contains allegations directed to other Defendants for which no response from Hain is required.

65.

Paragraph 65 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations. Hain expressly denies Plaintiff's allegation that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue. Moreover, Paragraph 65 contains allegations directed to other Defendants for which no response from Hain is required.

66.

Paragraph 66 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  Hain expressly denies Plaintiff's allegation that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 66 contains allegations directed to other Defendants for which no response from Hain is required.

67.

Paragraph 67 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  Hain expressly denies Plaintiff's allegation that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 67 contains allegations directed to other Defendants for which no response from Hain is required.

68.

Paragraph 68 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  Hain expressly denies Plaintiff's allegation that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 68 contains allegations directed to other Defendants for which no response from Hain is required.

69.

Paragraph 69 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  Moreover, Paragraph 69 contains allegations directed to other Defendants for which no response from Hain is required.

70.

Paragraph 70 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  Hain expressly denies that its baby food products have dangerous characteristics and expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 70 contains allegations directed to other Defendants for which no response from Hain is required.

71.

Paragraph 71 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 71 and therefore denies the same.  Hain expressly denies that its baby food products have dangerous characteristics and expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 71 contains allegations directed to other Defendants for which no response from Hain is required.

72.

Paragraph 72 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 72 and therefore denies the same.  Hain expressly denies that its baby food products are associated with serious health risks and expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 72 contains allegations directed to other Defendants for which no response from Hain is required.

73.

Paragraph 73 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations and further expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 73 contains allegations directed to other Defendants for which no response from Hain is required.

74.

Paragraph 74 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations and further expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 74 contains allegations directed to other Defendants for which no response from Hain is required.

75.

Paragraph 75 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations and further expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 75 contains allegations directed to other Defendants for which no response from Hain is required.

76.

Paragraph 76 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.

77.

Paragraph 77 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations and further expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 77 contains allegations directed to other Defendants for which no response from Hain is required.

78.

Paragraph 78 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations.  Hain further expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue and that it misled consumers.

79.

Paragraph 79 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations.  Moreover, Paragraph 79 contains allegations directed to other Defendants for which no response from Hain is required.

80.

Paragraph 80 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations.  Moreover, Paragraph 80 contains allegations directed to other Defendants for which no response from Hain is required.

81.

Paragraph 81 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations concerning the nature and extent of Plaintiff's alleged injuries and therefore denies the same. Hain expressly denies that its baby food products caused or substantially contributed to any alleged injuries or damages to Plaintiff.

82.

Paragraph 82 does not assert any allegation requiring a response, and on that basis Hain denies the allegations.  To the extent than an answer is required, Hain admits that Plaintiff seeks the relief set forth in this Paragraph.  Hain denies that Plaintiff is entitled to any relief whatsoever.

### Count II: Products Liability—Design Defect (Against Manufacturer Defendants)

83.

Hain reincorporates and realleges its Responses to Paragraphs 1−82 of Plaintiff's Amended Petition for Damages.

84.

Hain admits only that it designed, tested, co-manufactured, marketed, distributed, and sold baby food products.  Hain denies the remaining allegations in Paragraph 84.  Moreover, Paragraph 84 contains allegations directed to other Defendants for which no response from Hain is required.

24

85.

Paragraph 85 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations. To the extent an answer is required, Hain denies the allegations in Paragraph 85. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue. Moreover, Paragraph 85 contains allegations directed to other Defendants for which no response from Hain is required.

86.

Paragraph 86 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations. To the extent an answer is required, Hain denies the allegations in Paragraph 86. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue. Moreover, Paragraph 86 contains allegations directed to other Defendants for which no response from Hain is required.

87.

Paragraph 87 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations. To the extent an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 87 and therefore denies the same. Moreover, Paragraph 87 contains allegations directed to other Defendants for which no response from Hain is required.

88.

Paragraph 88 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations. To the extent an answer is required, Hain denies the allegations in Paragraph 88. Hain expressly denies that the miniscule levels of naturally

occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 88 contains allegations directed to other Defendants for which no response from Hain is required.

89.

Paragraph 89 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations in Paragraph 89.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 89 contains allegations directed to other Defendants for which no response from Hain is required.

90.

Paragraph 90 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations in Paragraph 90.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 90 contains allegations directed to other Defendants for which no response from Hain is required.

91.

Paragraph 91 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations in Paragraph 91.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 91 contains allegations directed to other Defendants for which no response from Hain is required.

92.

Paragraph 92 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain lacks knowledge

or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 92 and therefore denies the same.  Hain expressly denies that its baby food products have dangerous characteristics and expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 92 contains allegations directed to other Defendants for which no response from Hain is required.

93.

Paragraph 93 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 93 and therefore denies the same.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 93 contains allegations directed to other Defendants for which no response from Hain is required.

94.

Paragraph 94 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the same. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Hain denies any inaccurate characterization or interpretation of the referenced FDA presentation to which Plaintiff refers in Paragraph 94 when read in context and in its entirety.  Moreover, Paragraph 94 contains allegations directed to other Defendants for which no response from Hain is required.

95.

Paragraph 95 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the same. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 95 contains allegations directed to other Defendants for which no response from Hain is required.

96.

Paragraph 96 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations in Paragraph 96.

97.

Paragraph 97 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations in Paragraph 97.

98.

Paragraph 98 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations in Paragraph 98.  Moreover, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 98 relating to Plaintiff's alleged injuries and therefore denies the same.  Hain expressly denies that its baby food products caused or substantially contributed to any alleged injuries or damages to Plaintiff.

99.

Paragraph 99 does not assert any allegation requiring a response.  To the extent than an answer is required, Hain admits that Plaintiff seeks the relief set forth in this Paragraph.  Hain denies that Plaintiff is entitled to any relief whatsoever.

**Count III: Products Liability—Manufacturing Defect (Against Manufacturer Defendants)**

100.

Hain reincorporates and realleges its Responses to Paragraphs 1−99 of Plaintiff's Amended Petition for Damages.

101.

Hain admits only that it designed, co-manufactured, tested, marketed, sold, handled, and distributed baby food products.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 101 relating to foods allegedly consumed by Plaintiff and therefore denies the same.  Moreover, Paragraph 101 contains allegations directed to other Defendants for which no response from Hain is required.

102.

Paragraph 102 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 102 and therefore denies the same.  Moreover, Paragraph 102 contains allegations directed to other Defendants for which no response from Hain is required.

103.

Paragraph 103 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain lacks knowledge

or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 103 and therefore denies the same.  Moreover, Paragraph 103 contains allegations directed to other Defendants for which no response from Hain is required.

104.

Paragraph 104 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations in Paragraph 104.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 104 contains allegations directed to other Defendants for which no response from Hain is required.

105.

Paragraph 105 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations in Paragraph 105.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 105 contains allegations directed to other Defendants for which no response from Hain is required.

106.

Paragraph 106 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations in Paragraph 106.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 106 contains allegations directed to other Defendants for which no response from Hain is required.

107.

Paragraph 107 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the same. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 107 contains allegations directed to other Defendants for which no response from Hain is required.

108.

Paragraph 108 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations in Paragraph 108.

109.

Paragraph 109 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations in Paragraph 109.

110.

Paragraph 110 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations in Paragraph 110.  Moreover, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 110 relating to Plaintiff's alleged injuries and therefore denies the same.  Hain expressly denies that its baby food products caused or substantially contributed to any alleged injuries or damages to Plaintiff.

111.

Paragraph 111 does not assert any allegation requiring a response.  To the extent than an answer is required, Hain admits that Plaintiff seeks the relief set forth in this Paragraph.  Hain denies that Plaintiff is entitled to any relief whatsoever.

**Count IV: Products Liability—Breach of Express Warranty (Against Manufacturing Defendants)**

112.

Hain reincorporates and realleges its Responses to Paragraphs 1−111 of Plaintiff's Amended Petition for Damages.

113.

Paragraph 113 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain expressly denies any suggestion, allegation, or insinuation that its products are not baby foods.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.  Moreover, Paragraph 113 contains allegations directed to other Defendants for which no response from Hain is required.

114.

Paragraph 114 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  Moreover, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations concerning why Plaintiff purchased certain baby food and therefore denies the same.  Moreover, Paragraph 114 contains allegations directed to other Defendants for which no response from Hain is required.

115.

Paragraph 115 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 115 and therefore denies the same.

116.

Paragraph 116 purports to allege legal conclusions that do not require a response, and on that basis Hain denies the allegations.  To the extent an answer is required, Hain denies the allegations in Paragraph 116.  Hain expressly denies that its baby food products caused or substantially contributed to any alleged injuries or damages to Plaintiff.

117.

Hain expressly denies any suggestion, allegation, or insinuation that its products are rat foods and not baby foods.  Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods present a safety issue.

118.

Paragraph 118 does not assert any allegation requiring a response.  To the extent than an answer is required, Hain admits that Plaintiff seeks the relief set forth in this Paragraph.  Hain denies that Plaintiff is entitled to any relief whatsoever.

**Count V: Negligence (Against Retailer Defendants)**

119.

Hain reincorporates and realleges its Responses to Paragraphs 1−118 of Plaintiff's Amended Petition for Damages.

120.

No answer is required from Hain because the allegations in Paragraph 120 are directed to Defendant Amazon.com Sales Inc. ("Amazon") and Defendant Whole Foods Market, Inc. ("Whole Foods").  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 120 and therefore denies the same.

121.

No answer is required from Hain because the allegations in Paragraph 121 are directed to Defendant Amazon and Defendant Whole Foods.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 121 and therefore denies the same.

122.

No answer is required from Hain because the allegations in Paragraph 122 are directed to Defendant Amazon and Defendant Whole Foods.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 122 and therefore denies the same.

123.

No answer is required from Hain because the allegations in Paragraph 123 are directed to Defendant Amazon and Defendant Whole Foods.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 123 and therefore denies the same.

124.

No answer is required from Hain because the allegations in Paragraph 124 are directed to Defendant Amazon and Defendant Whole Foods and purport to allege legal conclusions.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 124 and therefore denies the same.

125.

No answer is required from Hain because the allegations in Paragraph 125 are directed to Defendant Amazon and Defendant Whole Foods and purport to allege legal conclusions.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 125 and therefore denies the same.

126.

No answer is required from Hain because the allegations in Paragraph 126 are directed to Defendant Amazon and Defendant Whole Foods and purport to allege legal conclusions.  To the extent an answer is required, Hain denies the allegations in Paragraph 126.

127.

No answer is required from Hain because the allegations in Paragraph 127 are directed to Defendant Amazon and Defendant Whole Foods and purport to allege legal conclusions.  To the extent an answer is required, Hain denies the allegations in Paragraph 127.

128.

No answer is required from Hain because the allegations in Paragraph 128 are directed to Defendant Amazon and Defendant Whole Foods and purport to allege legal conclusions.  To the extent an answer is required, Hain denies the allegations in Paragraph 128.  Moreover, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the

35

allegations in Paragraph 128 relating to Plaintiff's alleged injuries and therefore denies the same. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods caused or substantially contributed to any alleged injuries or damages to Plaintiff.

129.

Paragraph 129 does not assert any allegation requiring a response.  To the extent than an answer is required, Hain admits that Plaintiff seeks the relief set forth in this Paragraph.  Hain denies that Plaintiff is entitled to any relief whatsoever.

### Count VI—Redhibition (Against Retailer Defendants)

130.

Hain reincorporates and realleges its Responses to Paragraphs 1–129 of Plaintiff's Amended Petition for Damages.

131.

No answer is required from Hain because the allegations in Paragraph 131 are directed to Defendant Whole Foods.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 131 and therefore denies the same.

132.

No answer is required from Hain because the allegations in Paragraph 132 are directed to Defendant Amazon and Defendant Whole Foods.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 132 and therefore denies the same.

133.

No answer is required from Hain because the allegations in Paragraph 133 are directed to Defendant Amazon and Defendant Whole Foods and purport to allege legal conclusions.  To the extent that an answer is required, Hain admits only that certain baby food products sold contain extremely low levels of naturally occurring metals and expressly denies that these miniscule levels present a safety issue.  Hain likewise expressly denies any suggestion, allegation, or insinuation that its products are "contaminated."  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 133 and therefore denies the same.

134.

No answer is required from Hain because the allegations in Paragraph 134 are directed to Defendant Amazon and Defendant Whole Foods.  To the extent that an answer is required, Hain admits only that certain baby food products sold contain extremely low levels of naturally occurring metals and expressly denies that these miniscule levels present a safety issue.  Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 134 and therefore denies the same.

135.

No answer is required from Hain because the allegations in Paragraph 135 are directed to Defendant Amazon and Defendant Whole Foods.  To the extent that an answer is required, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 135 and therefore denies the same.

136.

No answer is required from Hain because the allegations in Paragraph 136 are directed to Defendant Amazon and Defendant Whole Foods and purport to allege legal conclusions.  To the extent an answer is required, Hain denies the allegations in Paragraph 136.  Moreover, Hain lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 136 relating to Plaintiff's alleged injuries and therefore denies the same. Hain expressly denies that the miniscule levels of naturally occurring metals that exist in certain baby foods caused or substantially contributed to any alleged injuries or damages to Plaintiff.

137.

Paragraph 137 does not assert any allegation requiring a response.  To the extent than an answer is required, Hain admits that Plaintiff seeks the relief set forth in this Paragraph.  Hain denies that Plaintiff is entitled to any relief whatsoever.

## JURY TRIAL DEMAND

138.

This section does not assert any allegation requiring a response.  To the extent a response is deemed necessary, Hain admits that Plaintiff demands a jury trial by jury on any triable issues within this pleading.

## PRAYER

139.

This section does not assert any allegation requiring a response.  To the extent a response is deemed necessary, Hain admits that Plaintiff served the Amended Petition for Damages on Hain and that Plaintiff seeks the relief set forth in this section.  Hain denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

140.

Hain asserts the following defenses to Plaintiff's alleged causes of action.

141.

By alleging the matters set forth below, Hain does not allege or admit that Hain has the burden of proof with respect to any of said matters, or that Plaintiff has properly asserted any cause of action against Hain.

142.

Hain adopts and incorporates by reference any and all other additional or affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that Hain may share in such defenses.

143.

Hain has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.

144.

Hain further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

Without admitting any of the allegations of the Amended Petition for Damages, Hain alleges additional and affirmative defenses as follows:

**First Defense**

145.

Each and every claim asserted or raised in the Amended Petition for Damages is barred by the applicable statute of limitations and is otherwise untimely.

**Second Defense**

146.

The Amended Petition for Damages fails to state a claim upon which relief can be granted.

**Third Defense**

147.

If Plaintiff has sustained injuries or losses as alleged in the Amended Petition for Damages, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening or superseding cause or causes that were beyond the control of Hain and that, in the exercise of reasonable prudence, could not have been anticipated or foreseen by Hain.

**Fourth Defense**

148.

If Plaintiff has sustained injuries or losses as alleged in the Amended Petition for Damages, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural course of conditions for which Hain is not responsible. Hain had no control over such factors, nor were such factors due to or caused by the fault of, lack of care of, negligence of, or breach of any duty by Hain.

40

**Fifth Defense**

149.

If Plaintiff has sustained injuries or losses as alleged in the Amended Petition for

Damages, upon information and belief, such injuries and losses were caused by the actions of

persons not having real or apparent authority to take said actions on behalf of Hain and over

whom Hain had no control and for whom Hain may not be held accountable.

**Sixth Defense**

150.

The damages sustained by Plaintiff, if any, were the result of an unavoidable accident

insofar as Hain is concerned and occurred without any negligence, want of care, fault, or other

breach of duty to Plaintiff on the part of Hain.

**Seventh Defense**

151.

Plaintiff's alleged injuries and damages, if any, were not proximately caused by any act

or omission of Hain.

**Eighth Defense**

152.

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not rely on any act,

omission, or representation made by Hain.

## Ninth Defense

153.

To the extent that Plaintiff asserts claims based on Hain's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## Tenth Defense

154.

With respect to each and every purported cause of action, the acts of Hain were at all times done in good faith and without malice.

## Eleventh Defense

155.

Should Hain be held liable to Plaintiff, which liability is specifically denied, Hain is entitled to a have its liability limited to the percentage of fault in which it is found to have contributed to said injuries.  Further, Hain is entitled to reduce its liability in proportion to the percentage of fault attributable to any co-defendants or other persons, including but not limited to those who may be immune by reason of bankruptcy or other reasons.

## Twelfth Defense

156.

Any recovery by Plaintiff for medical or healthcare expenses should be limited to the amount actually paid or incurred.  Specifically, Plaintiff is not entitled to an award for damages for medical bills for which no obligation to pay exists and/or ever existed.

**Thirteenth Defense**

157.

Plaintiff's recovery, if any, from Hain must be limited and apportioned because of the comparative negligence attributable to Plaintiff and to Defendants other than Hain.

**Fourteenth Defense**

158.

The Amended Petition for Damages, and each cause of action set forth therein, is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff, if any, must be reduced, diminished, or barred in proportion to the wrongful or negligent conduct of Plaintiff.

**Fifteenth Defense**

159.

The Amended Petition for Damages, and each cause of action set forth therein, is barred in whole or in part because Hain baby food was neither defective nor unreasonably dangerous in its design, manufacture, or marketing and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiff's recovery.

**Sixteenth Defense**

160.

The Amended Petition for Damages, and each cause of action set forth therein, is barred in whole or in part because the methods, standards, or techniques of designing, manufacturing, labeling, or distributing the food at issue complied and were in conformity with generally recognized industry standards at the time the food was designed, co-manufactured, labeled, and distributed.

**Seventeenth Defense**

161.

Plaintiff's recovery under all purported causes of action alleged in the Petition for Damages, if any, is barred in whole or in part because Plaintiff failed to make reasonable efforts to mitigate or avoid damages, which would have prevented or reduced any purported damages.

**Eighteenth Defense**

162.

Plaintiff cannot recover under the Amended Petition for Damages because, based on existing reasonably available scientific and technological knowledge, no reasonable alternative design exists for the products that is feasible or economically practical.

**Nineteenth Defense**

163.

Plaintiff cannot recover under the Amended Petition for Damages because Hain's products were in conformity with the generally recognized state-of-the-art at the time they were designed, co-manufactured, packaged, and labeled.

**Twentieth Defense**

164.

The claims asserted in the Amended Petition for Damages are barred, in whole or in part, because Hain's label was adequate as a matter of law.  Among other things, it complied with the rules and regulations promulgated by the FDA.

**Twenty-First Defense**

165.

The Amended Petition for Damages, and each cause of action set forth therein, is barred in whole or in part because Hain's baby food was co-manufactured in compliance with applicable FDA regulation and guidance.  Compliance with such regulations by Hain demonstrates that its baby food was safe for consumption and preempts and bars Plaintiff's claims against Hain.  Compliance with such statutes and regulations also demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing, and sale of this food, and that it was neither defective nor unreasonably dangerous.

**Twenty-Second Defense**

166.

Hain's conduct and practices, including use of the ingredients in its baby food products, are authorized by law, and therefore immunized from attack.

**Twenty-Third Defense**

167.

Plaintiff's claims, including all purported causes of action alleged in the Amended Petition for Damages, are barred in whole or in part because Plaintiff did not rely on representations, statements, and/or omissions by Hain.

**Twenty-Fourth Defense**

168.

Plaintiff's claims are barred because of Plaintiff's failure to join necessary and indispensable parties.

**Twenty-Fifth Defense**

169.

Hain alleges that if any of its products are found to be defective, said defect is an inherent characteristic of the product, which cannot be eliminated without substantially compromising the value, usefulness, or desirability of the product.

**Twenty-Sixth Defense**

170.

Plaintiff's claims are barred in whole because they cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

**Twenty-Seventh Defense**

171.

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Amended Petition for Damages, such an award would, if granted, violate Hain's state and federal rights.

## **RESERVATION OF RIGHTS**

172.

Inasmuch as the Amended Petition for Damages does not describe the alleged underlying claims with sufficient particularity to enable Hain to determine all of its legal, contractual, and equitable rights, Hain reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

173.

Hain will rely on all defenses that may become available during discovery or trial.

## PRAYER FOR RELIEF

174.

Hain respectfully requests that the Court enter judgment in favor of Hain as follows:

a.  Dismissal of Hain from this action;

b.  Award of costs of suit incurred;

c.  Such other relief the Court deems just and proper.

## JURY DEMAND

175.

Hain hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Emily E. Eagan
EMILY E. EAGAN (#29166)
JOHN C. WEGMANN (#38437)
GIEGER, LABORDE & LAPEROUSE,
LLC
Suite 4800 – Hancock Whitney Center
701 Poydras Street
New Orleans, LA 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
Email: eeagan@glllaw.com
Email: jwegmann@glllaw.com

-and-

/s/ Michael X. Imbroscio
Michael X. Imbroscio (Pro Hac Vice)
David N. Sneed (Pro Hac Vice)
Elizabeth T. Fouhey (Pro Hac Vice)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Telephone: +1 (202) 662-6000
Facsimile: +1 (202) 778-5868
Email: mimbroscio@cov.com

Email: dsneed@cov.com
Email: efouhey@cov.com

ATTORNEYS FOR DEFENDANT
THE HAIN CELESTIAL GROUP, INC.

## CERTIFICATE OF SERVICE

I certify that on the 29th day of September, 2023, I electronically filed the foregoing

Pleading with the Clerk of the Court using the ECF system which sent notification of such filing

to all counsel of record.

/s/ Emily E. Eagan