UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET WATKINS AND JAMES A. WATKINS ON BEHALF OF THEIR MINOR SON, JMW,** | **CIVIL ACTION NO. 22-CV-00551** |
| **Plaintiff,** | **DISTRICT JUDGE DARREL JAMES PAPILLION** |
| v. | |
| **NURTURE, INC.; HAIN CELESTIAL GROUP, INC.; AMAZON.COM SALES, INC.; WHOLE FOODS MARKET SERVICES, INC.; DOES 1-100.** | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |
| **Defendants.** | |

### DEFENDANTS WHOLE FOODS MARKET SERVICES, INC.'S AND AMAZON.COM SALES, LLC'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO DISMISS NEGLIGENCE CLAIM PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants Whole Foods Market Services, Inc. ("Whole Foods") and Amazon.com Sales, LLC (Amazon and Whole Foods are collectively referred to as the "Retailer Defendants") respectfully submit this Reply Memorandum ("Reply") in support of their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiff has failed to state a negligence claim against the Retailer Defendants upon which relief can be granted.

Plaintiff's Response to the Retailer Defendants' Motion to Dismiss confirms that the Plaintiff is attempting to have this Court impose a duty on the Retailer Defendants that does not exist in the law. The allegations that the Retailer Defendants were under some duty not recognized in the law are conclusory, and do not present any facts to demonstrate how Whole

Foods and Amazon – as retail sellers of sealed food products – owed a duty to uncover alleged nonapparent defects in the sealed Baby Food packages. Further, the cases cited by the Plaintiff support the Retailer Defendants' motion to dismiss. Thus, Plaintiff's negligence claims are not viable under the law, much less plausible on their face. Consequently, they should be dismissed pursuant to Rule 12(b)(6).[1]

### A. Plaintiff Cannot Impose a Duty of a Manufacturer on the "Retailer Defendants."

Throughout the Amended Complaint (Rec. Doc. 197) and in his Response to the Motion to Dismiss, Plaintiff refers to Whole Foods and Amazon as "retailers" and/or the "Retailer Defendants."[2] It is undisputed and alleged that the Retailer Defendants sold certain baby food products ("Baby Foods") manufactured and packaged by third parties. As non-manufacturer retailers, the Retailer Defendants are only liable under a negligence theory if they subject the products to improper care. There is no allegation that the products were subject to improper care; rather, the allegation is that the contents of the sealed baby food packages were placed in the sealed packages by the manufacturers.[3] The Retailer Defendants have no duty to perform a close inspection of said products to uncover any alleged defects.[4]

Despite the undisputed fact that the Retailer Defendants qualify as "sellers" under the Louisiana Products Liability Act ("LPLA") for purposes of the baby food products at issue,

---

[1] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] Amended Complaint, at ¶¶ 1, 8, 39, 120–28, 133–35 (Rec. Doc. 197). A "retailer" is defined as "a person, shop, or business that sells goods to the public." *Retailer*, CAMBRIDGE DICTIONARY (2023), https://dictionary.cambridge.org/us/dictionary/english/retailer.

[3] Amended Complaint (Rec. Doc. 197).

[4] *Jackson v. Sears Authorized Retail Dealer Store*, 821 So. 2d 590, 593 (La. App. 2 Cir. 2002). A necessary element of a negligence claim is a defendant's "duty to conform his conduct to a specific standard of care (the duty element)." *Nagle v. Gusman*, 61 F. Supp. 3d 609, 620 (E.D. La. 2014); *see also generally Hentley v. Atl. Coast Line R. Co.*, 224 F.2d 929, 933 (5th Cir. 1955) ("[I]f there is no duty there is no negligence.").

based on unsupported, conclusory assertions the Plaintiff seeks to have this Court classify the Retailer Defendants as "service providers"[5] and have this Court impose a duty on the Retailer Defendants of that of a manufacturer.[6] Response Memorandum, at 5 (Rec. Doc. 232).

Based on the allegations of the Amended Complaint, it is undisputed that the Retailer Defendants are not manufacturers. As such, the Retailer Defendants have no duty to inspect, test, or otherwise uncover alleged defects in a product that they did not manufacture. **A non-manufacturing seller is not required to inspect the product prior to sale to determine the possibility of inherent vices or defects**. Jackson v. Sears Authorized Retail Dealer Store, 821 So.2d 590, 593 (La. App. 2d Cir. 2002). "The imposition of such a duty would effectively make the non-manufacturing seller a guarantor against defects over which it had no control or responsibility. The light of reason illuminates the unduly onerous burden such a duty would inflict upon retailers." Id.

### B. The Cases Plaintiff Cites Support the Retailer Defendants' Argument; The Cases Do Not Support Plaintiff's Argument.

The cases cited by the Plaintiff support dismissal of the negligence claim asserted against the Retailer Defendants. Plaintiff cites Ankum v. White Consolidated Industries, 1992 WL 236961 (E.D. La. Sept. 10, 1992) for the proposition that "a retailer seller can be held liable to a customer for damages occasioned by the consumption of that product under negligence theories." Response Memorandum, at 4 (Rec. Doc. 232). However, the Ankum case supports

---

[5] Plaintiff's negligence claims against the Retailer Defendants are nothing more than unadorned, "the-defendant-unlawfully-harmed-me" accusations. Such unsubstantiated accusations do not meet the threshold of stating a claim upon which relief can be granted and require dismissal under Federal Rule of Civil Procedure 12(b)(6). See Iqbal, 556 U.S. at 678.

[6] While the Court must accept as true all material allegations of the complaint, "the Court is not required to accept allegations unsupported by the facts, legal conclusions, and unwarranted deductions." Henderson v. Certain Underwriters at Lloyds, 2009 WL 3190710, at *2 (E.D. La. Sept. 30, 2009).

3

dismissal of the negligence claim asserted by Plaintiff against the Retailer Defendants. In *Ankum*, the plaintiff **did not** allege he was injured due to consuming a product, but rather that he "was injured in an industrial accident at his workplace when a metal die strapped on a boring mill was thrown loose and struck him in the legs." *Id.* at *1. Food products were not at issue in *Ankum*, nor was there any discussion refuting the jurisprudence that a non-manufacturer seller, particularly a grocery store, can reasonably rely on the assumption that foodstuffs obtained from a reputable dealer in a sealed container are fit for human consumption. *See Reeves v. Great Atl. & Pac. Tea Co.*, 370 So. 2d 202, 209 (La. App. 3d Cir. 1979); *see also generally Lesher v. Great Atl. & Pac. Tea Co.*, 129 So. 2d 96, 97 (La. App. 2d Cir. 1961); *see also generally Spillers v. Montgomery Ward & Co.*, 294 So. 2d 803, 807 (La. 1974).

The court in *Ankum* examined the LPLA in relation to the parties in the chain of distribution of the machine and noted the different duties imposed on *manufacturers* versus *sellers*. The court explained:

> Under the generally enunciated standard, a seller is held liable "only if he knew or should have known that the product sold was defective, and failed to declare it." *Delanzo v. ABC Corp.*, 572 So.2d 648 (La.App. 5th Cir.1990) (citing LSA C.C. art. 2545).
> **The basic duty imposed on sellers in detecting defects is that they must make a reasonable inspection, which does not include the duty to search for latent, nonapparent defects.** *Thomasson v. A.K. Durnin Chrysler–Plymouth, Inc.*, 399 So.2d 1205 (La.App. 1st Cir.1981). In *Joseph v. Albarado,* 407 So.2d 1277 (La. App. 4th Cir.1981), the court held that because the defect was not a hidden one, but was discernable upon proper inspection, the seller had a duty to inspect and discover the defect. This duty differs markedly from that of the manufacturer of the product, who has a duty to test and inspect the product. *Whiteacre v. Halo Optical Products, Inc.* 501 So.2d 994 (La.App.2d Cir.1987).
> Sellers have a further duty to warn of or "declare" any defects they might or reasonably should find. LSA CC. art. 2545. Again, this duty to declare knowledge of defects differs greatly from that of the manufacturer, who has the duty to appropriately label and provide adequate warnings of dangers inherent in the product. *Hawkins v. Evans Cooperage Co.*, 766 F.2d 904 (5th Cir.1985). Thus, sellers have no duty to formulate their own instructions or warnings to give to their buyers, *see Delanzo v. ABC*

4

> *Corp.,* 572 So.2d 648, because it is the manufacturer's duty to provide such warnings. In conclusion, if a product contains a patent defect that the seller should discover upon a reasonable inspection, that seller must notify the buyer of the defect. *See* LRA CC. art. 2545; *Thomasson v. A.K. Durnin,* 399 So.2d 1205.[7]

Accordingly, as stated by the court in *Ankum*, the law does not impose a duty on a seller to search for nonapparent defects, but rather only to perform a reasonable inspection. And, as explained in the Retailer Defendants' memorandum (Rec. Doc. 220-1) and above (and as a matter of common sense), the Retailer Defendants are entitled to reasonably rely on the assumption that foodstuffs obtained from a reputable dealer in a sealed container are fit for human consumption.

The Plaintiff also cites *Delanzo v. ABC Corp.*, 572 So. 2d 648 (La. App. 5th Cir. 1990), where the Louisiana Fifth Circuit Court of Appeal affirmed the trial court's grant of summary judgment dismissing plaintiff's product liability claim against the retailer. The plaintiff in *Delanzo* sustained damages when a plastic visor (worn on her head as part of her uniform) broke and became lodged in her eye, ultimately causing blindness. *Id.* at 649. With respect to the retailer, the plaintiff contended that it knew or should have known of the defect and omitted to declare it. Despite the Plaintiff's contrary statement on page 4 of its brief, the court explained that "[t]he manufacturer not the seller is required to give the warning." *Id.* at 651 (citations omitted).

The Plaintiff also cites to stale jurisprudence predating the codification and implementation of the Louisiana Products Liability Act ("LPLA"). In *Chappuis v. Sears Roebuck & Co.*, 358 So. 2d 926, 930 (La. 1978), Sears was held to the same standard as the

---

[7] *Ankum*, 1992 WL 236961, *3 (emphasis added).

5

manufacturer because, among other reasons, Sears "held the product out to the public as its own," with its own specifications, name, and warning label.[8] In fact, today according to the LPLA, the classification of Sears in *Chappuis* would be that of a manufacturer considering, among other reasons, that Sears held the product out to the public as its own.[9]

Here, Plaintiff does not allege that the Retailer Defendants held the baby food products out as their own or put their names on them (nor did the Retailer Defendants in fact do so). To the contrary, the Plaintiff alleges that the products were manufactured and labeled by the "Manufacturer Defendants," but nevertheless wants this Court to legislate from the bench and create a new category of pseudo-manufacturers under the LPLA to include something called "service providers." More, solely based on jurisprudence existing prior to the LPLA, the Plaintiff wants the Court to impose a duty upon "service providers" (who are, by Plaintiff's own admission, "retailers") as that required of "manufacturers" under the LPLA.[10]

There is simply no legal duty requiring the Retailer Defendants to test, monitor, or inspect packaged food products manufactured by others. The Retailer Defendants' Motion to Dismiss should therefore be granted, and Plaintiff's negligence claims against the Retailer Defendants should be dismissed with prejudice.

---

[8] The Plaintiff also cites to *Nelton v. Astro-Lounger Mfg. Co.*, 542 So. 2d 128, 131 (La. App. 1st Cir 1989), which provides that "a non-manufacturer seller 'is not required to inspect a product prior to sale to determine the possibility of inherent vices or defects.'" (quoting *Harris v. Atlanta Stove Works, Inc.*, 428 So. 2d 1040, 1043 (La. App. 1st Cir. 1983)).

[9] See La. R.S. 9:2800.53(1) ("'Manufacturer' means a person or entity who is in the business of manufacturing a product for placement into trade or commerce. … 'Manufacturer' also means: (a) A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product.")

[10] Amended Complaint, ¶¶ 1, 62 (Rec. Doc. 197.)

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

*/s/ Brian M. Ballay*
STEVEN F. GRIFFITH, JR (#27232)
BRIAN M. BALLAY (#29077)
ALEXANDRA B. RYCHLAK (#37612)
N. KORDELL CALDWELL (#40301)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
sgriffith@bakerdonelson.com
bballay@bakerdonelson.com
arychlak@bakerdonelson.com
kcaldwell@bakerdonelson.com

-and-

SAMUEL L. FELKER
(appearing *Pro Hac Vice*)
One Financial Plaza, Suite 1620
Fort Lauderdale, Florida 33394
Telephone: (615) 726-5558
Facsimile: (954) 337-7636
samfelker@bakerdonelson.com

**COUNSEL FOR WHOLE FOODS
MARKET SERVICES, INC.**

-and-

__/s/ _ Douglas J. Cochran_____
Douglas J. Cochran, La. Bar No. 20751
Nicholas J. Wehlen, La. Bar No. 29476
Walter F. Metzinger, III, La. Bar No. 37799
STONE PIGMAN WALTHER WITTMANN L.L.C.
One American Place, Suite 1150
301 Main Street
Baton Rouge, Louisiana 70825
Telephone: (225) 490-8900
Facsimile: (504) 581-3361
dcochran@stonepigman.com
nwehlen@stonepigman.com
fmetzinger@stonepigman.com

-and-

Ashley L. Vulin (*pro hac vice*)
P. Andrew McStay, Jr. (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1300 SW Fifth Avenue, Suite 2400
Portland, Oregon 97201
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
ashleyvulin@dwt.com
andymcstay@dwt.com

**ATTORNEYS FOR AMAZON.COM SALES LLC**