UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARGARET WATKINS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-551 |
| PLUM, PBC, ET AL. | * | SECTION "P" (2) |

**ORDER**

The Court heard oral argument on Defendants Nurture, LLC and Hain Celestial Group Inc.'s Motion to Compel Unredacted Records on November 29, 2023, after which the Court deferred ruling pending *in camera* inspection of the documents. ECF No. 254.

Having considered the record, the submissions and written and oral arguments of counsel, the applicable law, and after *in camera* review of the unredacted documents, the motion to compel (ECF No. 254) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff JMW, through his parents Margaret and James Watkins, filed suit against, *inter alia*, Defendants Nurture, LLC and Hain Celestial Group, Inc., seeking damages incurred as a result of his development of Autism Spectrum Disorder ("ASD"), which he contends was caused by eating baby food containing dangerous levels of toxic heavy metals manufactured or sold by Defendants. ECF No. 183-1 ¶¶ 1-2. Nurture and Hain deny the allegations and argue that the prevailing view in the scientific community is that ASD is a heritable disorder primarily driven by genetic factors, hence their food is not the source of JMW's ASD. *See* ECF Nos. 209; 211; 254-22 at 2. In response to Defendants' earlier Motion to Compel Medical Records (ECF No. 126), the Court determined that Defendants are entitled to discover medical records related to the

assessment, testing, evaluation, diagnosis, medication, and treatment of conditions their experts believe are related to Plaintiff's genetic propensity to develop ASD.  ECF No. 178.

As directed, Plaintiff produced redacted records, including certain records for his half-sibling and father.  Defendants filed this motion seeking unredacted copies, arguing that the "widespread redactions" conceal relevant, discoverable information.  ECF No. 254-1.  Plaintiff objected to production of unredacted records given the "wholly irrelevant, private information" contained in his father's therapy records and half-brother's records.  ECF No. 266-1.

## II.  ANALYSIS

This Court has now completed an *in camera* review of the redacted portions of Plaintiffs' production.  Having reviewed the documents, the Court finds that the redactions are in large part justified and appropriate, with some modifications as outlined herein.

Plaintiff's redactions of his father's therapy records are, for the most part, appropriate. Concealed from production are stream-of-consciousness notes on irrelevant topics including religion, philosophy, work, and highly personal content regarding his father's marital issues. Likewise, while many of Plaintiff's half-sibling's medical and educational records contain irrelevant, private information, some excerpts address behavioral and medical issues that may be pertinent to Defendants' expert analysis.  Those highlighted portions of the documents must be unredacted and produced to Defendants.  Specifically, Plaintiff must remove his redactions of the highlighted portions on the following Bates numbered pages and produce same to Defendants:

(1) Dr. Noble Records: WatkinsA_SusanNobleMR_000017, 22, 26, 27, 28, 30, 31, 33, 35, 37, 38, 39, 43, 47, 48, 50, 55, 56, 59, 61, 62, 64, 65, 66, 68, 70, 72, 73, 75, 77, 79, 81, 87, 89, 91, 95, 96, 99, 104, and 106.
(2) Lynn Parker Malik Records: Watkins-WheelockP_000010, 11
(3) Children's Hospital Medical Records: Watkins-WheelockP_000013, 32, 33, 34, 36, 37, 59, and 60.

(4) St. Andrew's Episcopal School Records: Watkins-WheelockP_000067, 71, 72, 76, 79, 80, 81, 82, 85, 86, 87, 89, 91, 92, 94, 95, 98, 99, 101, 103, 105, 106, 107, 110, 113, 115, 117, 125, 131, 132, 133, 134, 135, 136, 139, 140, and 145.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Compel (ECF No. 254) is GRANTED IN PART and DENIED IN PART as stated herein. The additional portions of the redacted records that should be disclosed are attached as an Exhibit FILED UNDER SEAL, which exhibit will be e-mailed to Plaintiff's counsel only. Plaintiff must produce same to Defendants within 7 days, absent any appeal of this ruling.

New Orleans, Louisiana, this 11th day of December, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE