MINUTE ENTRY
CURRAULT, M. J.
DECEMBER 13, 2023
MJSTAR: 1:50
Court Reporter: Alexis Vice

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARGARET WATKINS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-551 |
| PLUM, PBC, ET AL. | * | SECTION "P" (2) |

A hearing was held this date on Plaintiffs' Motion to Compel (ECF No. 268) and Defendant Nurture, LLC's Motion for Protective Order (ECF No. 270). The parties timely filed Opposition and Reply Memoranda (ECF Nos. 285-286, 288-289, 291-294).

Participating were:   Janna Maples, Counsel for Plaintiff; and
                      Paul Schmitt & Camala Capodice, Counsel for Nurture, LLC

The Court heard argument from the parties. During the hearing, Plaintiff withdrew Deposition Topic 6 and stated that the parties reached an agreement on Topic 15.  After reviewing the Interrogatories and Deposition Topics at issue, the court finds:

- The objections to Interrogatory Nos. 6, 9, 11, 14, 17, 18, 19, 20, 21, and 22 are SUSTAINED IN PART and OVERRULED IN PART.
    - Interrogatory No. 6:  Nurture must supplement its response to subparts h and j, to specify the reasons tests were performed, if known, for subpart (h) and whether any product was taken off the market or modified as a result of testing, for subpart (j).
    - Interrogatory No. 9:  Nurture must identify all final versions of policies, procedures, standard operating procedures, or protocols concerning heavy metals or categories of toxins that include heavy metals.
    - Plaintiff must revise Interrogatory Nos. 11 & 14, after which Nurture must provide full and complete responses to the revised interrogatories.
    - In response to Interrogatory Nos. 11, 14, and 19, Nurture must provide a responsive statement that may be based on its summary of deposition testimony and may also include a reference to specific portions of the deposition.
    - In response to Interrogatory No. 17, Nurture must supplement its response to identify public statements by Nurture concerning heavy metals, brain development,

- intellectual, developmental, or behavioral disability or delay, specifying the date and speaker.
  - In response to Interrogatory No. 18, Nurture must supplement its response to identify meetings regarding public statements of risks concerning heavy metals, specifying the date, speaker, and substance of the communication.
  - Nurture must identify the individual primarily responsibility for each category listed in Interrogatory No. 20, and the individual's counterpart at Nurture's parent company Danone, if identifiable.
  - Interrogatory No. 22: Nurture must identify the number of Nurture's Baby Food products sold from 2016-February 2021 of each type consumed by Plaintiff.

- The objections to Deposition Topics 5(d), 8, and 14 are GRANTED IN PART AND DENIED IN PART.
  - Topic 5(d) is modified to require the witness to be prepared to address the volume of sales versus number of heavy metal tests performed and the sufficiency of the number of tests for the number of sales.
  - Topic 8 is limited to the market surveys, research, focus groups or similar information with regard to consumer perception of the safety of Nurture's products with regard to its composition, vis-à-vis heavy metals, toxins, or contaminants containing heavy metals, for ingestion by children.
  - Topic 14 is modified to Nurture's policies, procedures and processes for determining the content of the labels for the products at issue with regard to heavy metals, toxins, and contaminants containing heavy metals.

With regard to time period, Plaintiff will identify each topic for which he seeks information through 2022. In the event the parties are not in agreement, they may schedule a telephone conference with the court regarding same.

Accordingly, for the reasons stated on the record and after having reviewed the submissions of the parties, arguments from counsel, and applicable law,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 268) and Nurture's Motion for Protective Order (ECF No. 270) are both GRANTED in part and DENIED in part for reasons stated on the record and summarized herein. Supplemental responses are due within fourteen (14) days from this date. With regard to any re-issued requests, responses are due fourteen (14) days from Defendant's receipt of the reissued requests.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE