UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARGARET WATKINS, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO. 22-551 |
| PLUM, PBC, ET AL | * | SECTION "P" (2) |

**ORDER AND REASONS**

Before me is the Motion to Compel Independent Medical Examination filed by Defendants The Hain Celestial Group, Inc., Nurture, LLC, Amazon.com Services LLC and Whole Foods Market Services, Inc. ECF No. 284. Plaintiff JMW timely filed an Opposition Memorandum. ECF No. 310. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Compel is GRANTED for the reasons stated herein.

**I.     BACKGROUND**

On behalf of their minor son JMW, Margaret and James Watkins filed suit against several baby food manufacturers (Plum, PBC, Hain Celestial Group, Inc., and Nurture, Inc.) and sellers (Amazon.com Sales, Inc. and Whole Foods Markets, Inc.) alleging that the products contain neurotoxic chemicals that substantially contributed to JMW's Autism Spectrum Disorder diagnosis. ECF No. 1-2 ¶¶ 1-5, 51-61. Plaintiff asserts products claims for failure to warn, design defect, breach of express warranty, and manufacturing defect as well as redhibition and tort claims. *Id.* ¶¶ 62-112 (Counts I-VI).

Defendants requested a Rule 35 independent medical examination, and Plaintiff agreed to same with certain conditions. Although the parties resolved most issues without court intervention,

1

two disputes remain: (1) whether the IME may be videorecorded for later transcription by a court reporter and (2) whether more than one defense clinician may attend the IME. Defendants argue that videorecording is improper and may inhibit the examination, Plaintiff's own physicians did not videorecord their examinations, and Defendants have already agreed that Plaintiff's parents will be present, will participate in the examination, and will be able to communicate with counsel regarding the examination. ECF No. 284-1 at 5-7. Defendants also argue that, rather than require Plaintiff to submit to multiple IMEs for various Defendants given their somewhat different causation defenses, Defendants have agreed to allow one expert to conduct the examination in the presence of other defendants' experts. *Id*. at 8-9.

In Opposition, Plaintiff argues that Defendants allowed the videorecording of an IME conducted by a different expert of a different plaintiff in a different case, and that certain conduct during that deposition was objectionable. ECF No. 310 at 2-3. For that reason, Plaintiff believes he has good cause to require the IME in this case be videorecorded to monitor the actions of Defendants' expert. *Id*. at 4. Plaintiff indicates he has no objection to allowing a second clinician to attend the IME though he questions whether allowing another clinician to attend argues would constitute third-party observation that may interfere with the examination. *Id*. at 4, 6.

## II.   APPLICABLE LAW

Rule 35(a)(1) of the Federal Rules of Civil Procedure authorizes an independent medical examination ("IME") when a party puts his mental or physical condition in controversy. The court may issue an IME order "on motion for good cause and on notice to all parties and the person to be examined" and such order must specify "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35(a)(2).

Rule 35 "should be liberally construed in favor of discovery."[1]  The decision as to whether or not to order an independent medical examination under FED. R. CIV. P. 35(a) rests in the court's sound discretion.[2]

A party seeking an IME must generally satisfy two requirements: (1) the party's physical or mental condition must be in controversy; and (2) the moving party must show good cause as to why the motion should be granted.[3]  The movant must affirmatively show that each condition for which examination is sought is "really and genuinely in controversy" and that good cause exists for ordering each particular examination.[4]  When a plaintiff asserts a mental or physical injury that places her mental or physical condition in controversy, good cause for the need of an examination to determine the existence and extent of such asserted injury is generally established.[5]

Rule 35 does not limit the number of examinations a party may be required to undergo.[6]  The number of examinations, however, should be held to the minimum necessary considering a party's right to privacy and the need for the court to have accurate information.[7]  Each request turns on its own facts.[8]  A second examination will generally not be necessary if there has already

---

[1] *Y & S Marine, Inc. v. Maza*, No. 11-1425, 2011 WL 5825715, at *1 (E.D. La. Nov. 17, 2011) (citation omitted); *see also Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 WL 37284, at *3 (M.D. La. Jan. 6, 2014) (citing *Barcia v. ENI U.S. Operating Co., Inc*., No. 05–4501, 2006 WL 1236053 (E.D. La. May 4, 2006) (citing *Grossie v. Fla. Marine Transps., Inc*., No. 04–0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006))); *Lahr v. Fulbright & Jaworski, L.L.P*., 164 F.R.D. 204, 207 (N.D. Tex. 1996).
[2] *Glaze v. Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993) (citing *Coca–Cola Bottling v. Torres*, 255 F.2d 149 (5th Cir. 1958)), *aff'd*, 68 F.3d 472 (5th Cir. 1995).
[3] *See Acosta v. Tenneco Oil Co*., 913 F.2d 205, 208 (5th Cir. 1990); *Y & S Marine*, 2011 WL 4807706, at *2 (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (1964)), *aff'd*, 2011 WL 5825715 (E.D. La. Nov. 17, 2011).
[4] *Y & S Marine*, 2011 WL 4807706, *2 (citing *Schlagenhauf*, 379 U.S. 104, 118 (1964)).
[5] *Jackson v. Entergy Ops., Inc.*, No. 96–4111, 1998 WL 28272, at *2 (E.D. La. Jan. 26, 1998) (citations omitted) ("Indeed, when plaintiff has retained her own experts and intends to prove her claim at trial through their testimony, and when her mental injuries will be an important component of her damages, good cause exists to permit defendant to select its own expert to examine her.").
[6] *Id*. at 392 (citing *Sadler v. Acker*, 263 F.R.D. 333, 336 (M.D. La. 2009); *Peters v. Nelson*, 153 F.R.D. 635, 637 (N.D. Iowa 1994)); *see also Jackson*, 1998 WL 28272, at *2; *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992).
[7] *Sapp v. Wood Grp. PSN, Inc.*, No. 15-3, 2015 WL 12670377, at *2 (E.D. La. Nov. 17, 2015) (citations omitted).
[8] *Jackson*, 1998 WL 28272, at *2 (citation omitted).

been an examination and report that enables the defendant to adequately defend the suit,[9] but multiple IMEs are authorized when there are (1) separate injuries that call for examination by distinct medical specialties; (2) a physician requires assistance of other consultants before he can render a diagnosis; (3) the first examination was inadequate or incomplete; or (4) substantial lag time has passed between the initial examination and the trial.[10] An additional examination in the same area of expertise will not be necessary when cumulative or duplicative of other examinations that sufficiently enable the defendant to adequately defend the suit.[11]

Courts typically require "special circumstances" that call for a protective order tailored to the specific problems presented when a party seeks the presence of a third party or to record the examination.[12] The party seeking the presence of a third party at a Rule 35 examination bears the burden of convincing the court that good cause exists for a protective order and that a third-party presence is necessary.[13] Allegations of harm unsubstantiated by specific examples do not satisfy Rule 26(c).[14] Where there is no reason to believe improper or harmful techniques may be used or that there is a risk of miscommunication, courts will not allow the presence of third parties.[15]

---

[9] *Glaze,* 1993 WL 441890, at *1 (affirming magistrate judge's decision not to require second IME by physician selected by later-added co-defendant where earlier defendant's expert report supported new defendant's position and new defendant made no showing that plaintiff's condition changed) (citing *DeCrescenzo v. Maresk Container Serv. Co.*, 741 F.2d 17, 21 (2d Cir. 1984)), *aff'd,* 68 F.3d 472 (5th Cir. 1995).

[10] *Moore*, 142 F.R.D. at 135 (citations omitted); *Mathias v. Omega Protein, Inc.*, No. 10-2835, 2011 WL 1304000, at *3 (E.D. La. Apr. 1, 2011).

[11] *Sapp*, 2015 WL 12670377, at *2 (citing *DeCrescenzo*, 741 F.2d at 21). For this reason, the court denied the second IME request in *Baggs v. Highland Towing, LLC*, No. 99-1318, 1999 WL 539459 (E.D. La. July 22, 1999) (denying IME with second physician in same specialty field selected by counsel after client's claims adjuster previously required plaintiff to submit to an IME).

[12] *Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, 258 F.R.D. 523, 526 (S.D. Fla. 2009); *Thomas v. Edison Chouest Offshore, LLC*, No. 15-3487, 2017 WL 467680, at *2 (E.D. La. Feb. 3, 2017) (citing *Favale v. Roman Cath. Diocese of Bridgeport*, 235 F.R.D. 553, 556-557 (D. Conn. 2006); *EEOC v. Grief Brothers Corp.*, 218 F.R.D. 59, 63-64 (W.D.N.Y. 2003); *see Ferrell v. Shell Oil Co.*, No. 95-0568, 1995 WL 688795, at *2 (E.D. La. Nov. 20, 1995) ("The federal rules are clear that, except for interviews permitted under Rule 35, interviews are to be allowed only in the presence of counsel.") (quoting *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 210 (5th Cir. 1990))). *Acosta* was decided before the 1990 amendments to Rule 35, which now govern.

[13] *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 395 (S.D. Tex. 2013) (citing *Calderon.*, 258 F.R.D. at 526).

[14] *Id.* (citing *Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 223 (S.D.N.Y. 1994)).

[15] *Thomas*, 2017 WL 467680 at *2 (citing *Favale*, 235 F.R.D. at 556; *EEOC*, 218 F.R.D. at 64).

Courts reason that having an observer "would constitute a distraction during the examination and work to diminish the accuracy of the process . . . thereby compromising the results of the examination."[16]  Further, where the plaintiff has been examined by his own expert outside of the presence of observers, "the defendant should be afforded the same opportunity."[17]

### III. ANALYSIS

Defendants' expert Dr. Kolevzon indicates that his IME would consist of (1) observation and a mental status examination of JMW; (2) physical and neurological examination of JMW; and (3) an interview with his parents.  ECF No. 284-5 ¶¶ 7-10.  Dr. Kolevzon further states that a recording device could negatively impact his examination, and that the presence of additional medical professionals is common in the field.  *Id*. ¶¶ 12-14.  Based on Dr. Kolevzon's testimony, the Court does not find that the presence of additional medical professionals would constitute the type of third party observer that creates the potential to inhibit or interfere with the examination.  Further, allowing the attendance of these other medical professionals will obviate the potential for requests for additional IMEs from other parties.

Given Dr. Kolevzon's testimony, videorecording would have the potential to interfere with the examination, and thus, is improper in this case.  Although Plaintiff argues that another expert's conduct in another case causes concern, there is no evidence that Dr. Kolevzon intends to conduct his IME in a similar manner.  Indeed, the parties have expressly agreed that Dr. Kolevzon's examination will not include similar conduct.  ECF No. 284-1 at 2-3.  Further, the parties have already agreed that JMW's parents will be present, will participate in the examination, and will be

---

[16] *Ornelas*, 292 F.R.D. at 396 (citing *Calderon*, 258 F.R.D. at 527 (quoting *Romano v. II Morrow, Inc*., 173 F.R.D. 271, 274 (D.Or. 1997)); *see also Bethel v. Dixie Homecrafters, Inc*, 192 F.R.D. 320, 324 (N.D. Ga. Feb. 7, 2000) (quoting *Shirsat v. Mut. Pharm. Co., Inc*., 169 F.R.D. 68, 70 (E.D. Pa. 1996)).
[17] *Favale*, 235 F.R.D. at 557.

able to communicate with counsel about the examination. ECF No. 284-1 at 7. Thus, there is no need for additional protection offered by a videorecording.

## IV. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Compel Independent Medical Examination (ECF No. 284) is GRANTED.

New Orleans, Louisiana, this __27th__ day of December, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE