UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARGARET WATKINS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-551 |
| NURTURE, LLC ET AL | * | SECTION "P" (2) |

**ORDER AND REASONS**

Pending before me are Defendant Amazon.com Sales, Inc.'s Motion for Protective Order and Defendant Whole Foods Market, Inc.'s Motion for Protective Order. ECF Nos. 303, 305. Plaintiff timely filed Opposition Memoranda and Defendants timely filed Reply Memoranda. ECF Nos. 313, 314, 322, & 324. Defendants requested oral argument. ECF Nos. 306-07.

After hearing argument on the motions on Monday, January 8, 2024, the Court took these matters under advisement. ECF No. 326. Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motions for Protective Order (ECF Nos. 303, 305) are GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.      BACKGROUND**

On behalf of Plaintiff JMW, Margaret and James Watkins filed suit against several baby food manufacturers (Plum, PBC, Hain Celestial Group, Inc., and Nurture, Inc.) and sellers (Amazon.com Sales, Inc. and Whole Foods Markets, Inc.) alleging that the products contain neurotoxic chemicals that substantially contributed to JMW's Autism Spectrum Disorder diagnosis. ECF No. 1-2 ¶¶ 1-5, 51-61. Plaintiff asserts products claims for failure to warn, design defect, breach of express warranty, and manufacturing defect as well as redhibition and tort claims. *Id.* ¶¶ 62-112 (Counts I-VI).

Plaintiff issued Rule 30(b)(6) deposition notices to Amazon and Whole Foods. Whole Foods seeks to (1) limit the relevant time period from October 2018 through December 2020, the period during which Plaintiff purchased certain baby food products from Whole Foods; (2) narrow the scope of definitions to reference only those products purchased by Plaintiff from Whole Foods during the relevant time period; (3) quash Topics 1, 6, 7, 8, 10, 15, and 18; and (4) narrow the scope of inquiry into other topics. ECF No. 305. Similarly, Amazon seeks to (1) narrow the relevant time period; (2) limit testimony about baby food products to only those products Plaintiff purchased from Amazon during the relevant time period, (3) narrow the scope of certain topics of inquiry, and (4) quash Topics 15, 16, 18, and 19. ECF No. 303-1. Amazon also seeks to quash its December 13, 2023 deposition date, which date has already passed, and urges that Plaintiff's demand to depose its representative before the January 26, 2024 expert report deadline should be denied. *Id*. at 13-14.

In Opposition to Whole Foods' motion, Plaintiff argues that a broader scope of discovery is appropriate at this stage of the litigation, his requested temporal scope of 2013 to date is proper and necessary to prosecute his negligence and redhibition claims, the definition of baby food should include the product lines Plaintiff consumed instead of just the particular products, and his topics are narrowly tailored to discoverable information. ECF No. 313. Opposing Amazon's motion, Plaintiff reiterates that his time scope is proper, and repeats his product line argument, asserts that discovery about other manufacturers is proper to confirm that Nurture and Hain did not have their own rules regarding warranties, guarantees, or representations, and his topics are proper. ECF No. 314. Plaintiff also agrees to Amazon's proposal on Topic 16. *Id*. at 12.

In Reply, Whole Foods repeats its arguments that Plaintiff's desired time period is disproportionate, the products should be limited to those purchased from Whole Foods, and certain

2

topics should be narrowed or forbidden altogether.  ECF No. 322.  Amazon reiterates in its Reply that the temporal scope should be limited to the time frame during which Plaintiff consumed the products Amazon sold, the baby food products should be limited to those Amazon sold Plaintiff, Amazon should not be required to testify about manufacturers not involved in this litigation, and certain topics should be narrowed or quashed.  ECF No. 324.

## II.   APPLICABLE LAW

### A.  Scope of Discovery

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable."  FED. R. CIV. P. 26(b)(1).

Although the threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage,[1] it is not unlimited.  Further, the role of discovery is to find support for properly pleaded claims, not to find the claims themselves.[2]  "The Committee Comments to [Rule 26] confirm that requiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the

---

[1] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[2] *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 392 (5th Cir. 2009) (citations omitted); *see also Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2017 WL 2271982, at *4 (E.D. La. May 24, 2017) ("Federal Rule of Civil Procedure 26(b)(1) makes clear that any discovery must be relevant to a party's claim or defense.").

pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'"[3]

Moreover, relevance is not the only consideration. Rather, Rule 26(b) expressly requires that relevant evidence also be proportional to the needs of the case.

### B. Protective Order

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[4] In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[5]

Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters. FED. R. CIV. P. 26(c)(1)(A), (B), (D), (G). "As a general proposition, a district court [may] exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion."[6] The trial court enjoys wide discretion in setting the parameters of a protective order.[7]

---

[3] *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017) (quoting *Waste Mgmt. of La., LLC,* 2017 WL 2271982, at *4 (quoting *Whitney v. Krystal Co*., No. 10-773, 2012 WL 777161, at *1 (M.D. Ala. Mar. 7, 2012))).
[4] *E.E.O.C. v. BDO USA, L.L.P.,* 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))).
[5] *Blanchard & Co., Inc. v. Barrick Gold Corp*., No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).
[6] *Nguyen v. Excel Corp*., 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted).
[7] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

### C. Rule 30(b)(6)

The Fifth Circuit has explained that the purpose of Rule 30(b)(6) is to streamline the discovery process by allowing for a specialized form of deposition.[8] Rule 30(b)(6) gives the corporation being deposed "more control by allowing it to designate and prepare a witness to testify on [its] behalf."[9] Further, it alleviates the opposing party from "having to play a frustrating game of blind man's bluff in naming the appropriate corporate officer to be deposed or from being bandied from pillar to post by deposition witnesses who disclaim personal knowledge on topics with which others in the corporation are familiar . . . ."[10]

The party seeking to depose an organization "must describe with reasonable particularity the matters for examination."[11] In response, the entity must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization."[12] As the Fifth Circuit has explained:

> [A corporate defendant] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.[13]

---

[8] *Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008) (citing *Resolution Trust Corp. v. S. Union Co., Inc*., 985 F.2d 196, 197 (5th Cir. 1993)).
[9] *Id.* (quoting *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996)) (internal quotations omitted).
[10] *Id.* (citing *Brazos River Authority v. GE Ionics, Inc*., 469 F.3d 416, 432–33 (5th Cir. 2006)).
[11] FED. R. CIV. P. 30(b)(6).
[12] *Id.*
[13] *Brazos River Auth.*, 469 F.3d at 433 (quotations and citations omitted).

If the organization objects to any matter set forth in the deposition notice, it bears the burden of demonstrating that the notice is objectionable or insufficient and may file a motion for a protective order pursuant to Rule 26(c) in order to make that showing.[14]

In light of the burden placed on the corporate deponent by Rule 30(b)(6), the Rule preliminarily imposes a duty to identify with reasonable particularity the specific categories or topics for inquiry.[15] This enables the corporate entity to fulfill its obligations to choose and prepare a deponent: "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."[16] Courts have not hesitated to issue protective orders when an entity is asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices,[17] rejecting the assertion that the rule authorizes "burdening the responding party with production and preparation of a witness on every facet of the litigation."[18]

---

[14] *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 5:18-CV-14, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018).

[15] *Id.* (citing FED. R. CIV. P. 30(b)(6)).

[16] *Pauls v. Prudential Ins. Co. of Am.*, No. 16-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.,* No. 05-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)); *see also Marti v. Schreiber/Cohen, LLC*, No. 18-40164, 2020 WL 3412748, at *3 (D. Mass. March 17, 2020) (identifying topics as "all communications" does not meet the reasonable particularity requirement because it seeks testimony regarding unidentified and broadly classified communications).

[17] *Lipari v. U.S. Bancorp*, No. 07-2146, 2008 WL 4642618, at *6 (D. Kan. Oct. 16, 2008); *see also In re Indep. Serv. Orgs. Antitrust Litig*., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order where plaintiff's attempt to discover facts underlying defendant's defenses and counterclaims through a Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information."); *RM Dean Farms v. Helena Chem. Co.*, No. 11-0105, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012) (granting protective order where "[t]he 30(b)(6) notice would require [defendant] to produce a corporate representative or corporate representatives to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible.").

[18] *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-1846, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (noting that an entity's task to prepare its witness in compliance with Rule 30(b)(6) "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand."); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D.

### III. ANALYSIS

This Court recently ruled on the proper scope of Plaintiff's Rule 30(b)(6) deposition of Defendant Nurture, LLC, one of the manufacturers of baby food product at issue in this case. *See* ECF No. 299. During that December 13, 2023 hearing, the court noted that this case involves a claim by a single plaintiff, not a class of individuals, thus the proportionality factor precludes discovery of information that would be challenging to obtain even were it sought in a class action or MDL context. ECF No. 319 at 24-25. The topics of inquiry likewise must be narrowly tailored such that the corporate representative can feasibly prepare for deposition. *See id.* at 74-75. That said, Plaintiff is entitled to discover information relevant and proportional to the needs of the case.

As the court ruled in regard to Nurture's corporate deposition, questions directed to Amazon regarding the specific products at issue will be limited to the March 2016—February of 2021 time frame, as agreed.[19] Questions directed to Whole Foods will be limited to the October 2018 to December 2020 time frame,[20] the period during which Plaintiff consumed the baby food products at issue. Likewise, the scope of baby food products will be limited to those products plaintiff consumed, not all of Defendants' baby food products or the entire product lines.

In this case, Plaintiff asserts claims of negligence and redhibition against Amazon and Whole Foods in their capacities as retailers, not manufacturers. *See* ECF No. 183-1 ¶¶ 1, 119-137. Plaintiff has not asserted products liability claims against Amazon or Whole Foods. *Id.* Louisiana does not impose a duty for a non-manufacturer seller to inspect a product prior to sale to determine the possibility of inherent vices or defects, nor does such a seller have an independent duty to warn

---

Kan. 2000) ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task."); *Acton v. Target Corp.*, No. 08-1149, 2009 WL 5214419, at *4 (W.D. Wash. Dec. 22, 2009) (finding no reasonable person could believe that the corporation could properly prepare one or more deponents to testify on 96 noticed topics without undue burden and expense).
[19] *See* ECF Nos. 303-1 at 6; 324 at 2.
[20] *See* ECF No. 305-1 at 3.

or instruct purchasers in the proper use of a product.[21] Rather, to prevail on his "bad faith" redhibition claim, Plaintiff must prove that Amazon and Whole Foods "knew or should have known" that the product was defective at the time of the sale.[22]

A. **Specific Topics at Issue**

Considering the claims asserted against Whole Foods and Amazon, the Rule 30(b)(6) topics are overly broad and must be restricted as follows:

- **Topic 3** must be limited to testimony about Amazon's/Whole Foods' contracts and the performance thereof with Nurture and Hain regarding the specific product lines sold to Plaintiff.

- **Topic 4.** A Rule 30(b)(6) topic phrased in terms of "including but not limited to" fails the specificity requirement for a proper Rule 30(b)(6) notice. This topic must be revised and limited to Amazon's/Whole Foods' participation in any industry groups, professional societies, or working groups relating or referring to: (a) heavy metals; (b) baby food product labels and warnings; (c) any third-party reports concerning heavy metals in baby food and Amazon's response to any third-party report concerning heavy metals; and (d) regulations, rules or laws affecting the marketing, sale, or labeling of baby food products.

- **Topic 5** must be limited to the content and scope of any warranties, guarantees, or representations from Nature and Hain regarding their baby food products purchased by Plaintiff.

- **Topic 6** must be limited to any due diligence performed by Amazon/Whole Foods to determine whether the Nature and Hain products sold to Plaintiff were safe for their intended use.

- **Topic 7** must be limited to any due diligence performed by Amazon/Whole Foods regarding the heavy metals in the Nature and Hain products sold to Plaintiff.

- **Topic 8** must be limited to e-mails or meetings in which an Amazon/Whole Foods agent, employee, officer, contractor, or retained expert participated regarding heavy metals in the Nature and Hain products purchased by Plaintiff.

---

[21] *Lacour v. AmeriGas Propane, L.P.,* No. 20-847, 2020 WL 7135794 (W.D. La. Nov. 12, 2020) (citing *Zehner v. Nordskog Indus., Inc.,* 1992 WL 233984, at *3 (E.D. La. Sept. 2, 1992) (citing *Nelton v. Astro–Lounger Mfg. Co.,* 542 So.2d 128, 131 (La. App. 1 Cir. 1989), *Delanzo v. ABC Corp.,* 572 So.2d 648, 651 (La. App. 5 Cir. 1990))), *R.&R. adopted*, 2020 WL 7133733 (W.D. La. Dec. 4, 2020).
[22] LA. CIV. CODE art. 2545; *see also Chevron USA, Inc. v. Aker Maritime, Inc.,* 604 F.3d 888, 899 (5th Cir. 2010) (citing *Aucoin v. Southern Quality Homes, LLC*, 984 So.2d 685 (La. 2008)).

- **Topic 9** must be limited to Amazon/Whole Foods' public statements concerning the presence of heavy metals in Nature or Hain products sold to Plaintiff on brain development, intellectual, developmental, or behavioral disability.

- **Topic 10** must be limited to Amazon/Whole Foods' review, evaluation, or analysis of reports, research, testing, or news publications concerning heavy metals in baby food for the 2016-2021 time period and the response or actions taken as a result.

- **Topic 11** must be limited to Amazon/Whole Foods' review, evaluation, or analysis of scientific literature which indicates that the baby food products purchased by Plaintiff contained unsafe levels of heavy metals.

- **Topic 13** must be limited to consumer complaints, questions, and inquiries Amazon/Whole Foods received about heavy metals in the baby food products manufactured by Nurture or Hain and sold to Plaintiff.

- **Topic 14** is stricken. This topic may be explored through Requests for Admission.[23]

- **Topic 15** is overly broad, ambiguous and lacks the specificity required for a proper Rule 30(b)(6) notice and is therefore stricken. Asking a Rule 30(b)(6) deponent to be prepared to address "the relationship" between Whole Foods and Amazon would potentially require a single person to be prepared to address any and all aspects of every relationship between the entities, which is impossible to adequately prepare for in a Rule 30(b)(6) deposition. Conversely, a deponent could potentially satisfy the inquiry by explaining that Amazon acquired Whole Foods in 2017 and specify whether it is a current subsidiary. Plaintiff may revise this topic to identify with specificity the specific aspects of the relationship between the entities for which Plaintiffs seek information.

- **Topic 16**
  - As to Amazon, this topic is limited to the ordering and fulfillment process of the baby food products at issue, per the parties' stipulation.
  - As to Whole Foods, this topic is limited to its role in supplying the baby food products purchased by Plaintiff from Whole Foods in the Prime Now App and the process by which Whole Foods supplies those products, per the parties' stipulation.

- **Topic 17** is limited to the de-listing of any baby food product by Amazon/Whole Foods due to heavy metal levels.

---

[23] *See Fidelity Mgmt. & Research Co. v. Actuate Corp.,* 275 F.R.D. 63, 64 (D. Mass. 2011) (noting that contention interrogatories can be a more efficient method to obtain information regarding affirmative defenses because affirmative defenses are drafted by attorneys and "asking a 30(b)(6) witness, usually a nonlawyer, to answer this type of questions [sic] after being prepared in the manner of 30(b)(6) witnesses makes it extremely difficult to distinguish between 'facts' (not protected) and the issue of why those facts have legal consequences, which usually has a work-product (lawyer's mental impressions) dimension. This problem is more acute since it is most likely that the lawyer was the source of the information which was provided to the 30(b)(6) witness so that he could answer the questions on behalf of the corporation and bind the corporation to those answers. And drawing the line between questions which seek to elicit facts and questions which will lead to a revelation of work-product matters can be difficult.").

- **Topics 18 and 19** are stricken.

## IV.     CONCLUSION

While Plaintiffs are entitled to discover information relevant to any claim or defense at issue, such discovery must be proportional to the needs of his case, which involves a single Plaintiff.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants Amazon.com Services, LLC and Whole Foods Market Services, LLC's Motions for Protective Order (ECF Nos. 303, 305) are GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this __22nd__ day of January, 2024.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

10