UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARGARET WATKINS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-551 |
| NURTURE, LLC ET AL. | * | SECTION "P" (2) |

### ORDER AND REASONS

Pending before me is Plaintiffs' Motion to Consider Whether Another Party's Material Should be Sealed.  ECF No. 362.  Defendant Nurture, LLC timely filed a Declaration in Support of the Motion to Seal in accordance with E.D. La. L.R. 5.6(D)(2)(b).  ECF No. 372.

Plaintiffs filed this motion to seal an unredacted memorandum in support of their Motion to Compel Supplemental Interrogatories and for Additional Time to Depose Nurture's Rule 30(b)(6) Witness (ECF No. 363) and Exhibits 2-17 thereto based on Nurture's designation of those documents as Confidential or Highly Confidential pursuant to the parties' Protective Order.  ECF No. 362-1 at 1.  Pursuant to Local Rule 5.6(D)(2)(b), Nurture's Declaration describes each of the exhibits and reflects its position on sealing same.  ECF No. 372.

Nurture seeks to seal in part because certain exhibits contain confidential business information regarding, *inter alia*, Nurture's product specifications and contract manufacturers, sourcing practices, and manufacturing processes.  *Id*.  Nurture seeks to seal some documents in their entirety, some in part, and further argues that several of the exhibits[1] need not be sealed and

---

[1] Exhibits 3 (letter from Plaintiffs' counsel to Nurture's counsel); 4 (Plaintiffs' First Set of Requests for Admissions to Nurture, dated August 24, 2023); 5 (Nurture's Responses and Objections to Plaintiffs' First Set of Requests for Admission to Nurture, dated September 28, 2023); 7 (Exhibit B to Nurture's First Supplemental Responses and Objections to Plaintiffs' Second Set of Interrogatories, dated October 25, 2023); 8 (Fourth Amended Deposition Notice as to Nurture's Rule 30(b)(6) witness, dated February 5, 2024); and 14 (Exhibit B to Nurture's Seventh Supplemental Responses and Objections to Plaintiffs' Second Set of Interrogatories, dated March 22, 2024).

1

can be placed on the public docket without redaction. *Id*. ¶¶ 11-13. As Nurture indicates that Exhibits 3-5, 7-8, and 14 need not be sealed, these documents will be placed on the public record unredacted.[2]

Considering the standard for placing a document under seal and after conducting the required "document-by-document, line-by-line" assessment,[3] the unredacted Memorandum in Support of Plaintiff's Motion to Compel (ECF No. 362-4) need not be sealed in its entirety. While Nurture seeks to redact portions of the brief on pages 6, 7, 12, and 13,[4] a review of the unredacted memorandum reflects that only certain portions of those pages contain confidential business information warranting redaction.[5]

Nurture further seeks to redact portions of 9 pages of Exhibit 2, Nurture's 67-page Responses and Objections to Plaintiff's Second Set of Interrogatories (ECF No. 362-6), which portions allegedly contain confidential business information regarding, *inter alia*, Nurture's product specifications and contract manufacturers, sourcing practices, and manufacturing processes. A review of the identified pages reflects that partial redactions are warranted,[6] but pages 39 and 46 do not contain any information that merits redaction.[7]

---

[2] These exhibits are currently filed at ECF Nos. 362-8, 362-10, 362-12, 362-16, 362-18, and 362-30.
[3] *Bin Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021); *June Medical Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022) (citations and internal quotations omitted).
[4] The page references throughout this Order are made in accordance with the pagination at the bottom of each page, rather than the ECF page number, to match the references made in Defendants' declaration.
[5] On page 6, the first sentence ending with footnote 14, the quotation, the names of specific products, and the portion of the sentence ending with footnote 20 following "of the same…" through the end of the sentence may be redacted. On page 7, the phrase between "testified was final and operative for" and "was not identified" may be redacted, as well as any reference to specific products. Nothing on page 12 may be redacted. On page 13, only the first sentence preceding "To the extent" in footnote 28 may be redacted.
[6] Portions of pages 17, 18, 42, 47, 50, 53-54.
[7] "That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once placed in the judicial record." *June Med. Servs.*, 22 F.4th at 521 (quoting *Binh Hoa Le*, 990 F.3d at 521); *accord* E.D. La. L.R. 5.6 ("[R]eference to a stipulation or protective order is not sufficient to establish the necessity of sealing any document or other tangible item."). Moreover, "a showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access." *Shargian v. Shargian*, No. 21-2282, 2024 WL 493443, at *3 (E.D. La., 2024) (Long, J.) (quoting *Payne v. Payne*, No. 22-2709, 2023 WL 3136417, at *1 n. 5 (N.D. Tex. Apr. 27, 2023)

Nurture also seeks to redact portions of 29 pages of Exhibit 6, Nurture's 91-page First Supplemental Responses and Objections to Plaintiff's Second Set of Interrogatories (ECF No. 362-14). Redactions are warranted on certain pages of the document,[8] but not on pages 52, 59, or 69. Nurture's request to seal certain portions of Exhibit 9,[9] pages 2-5 of Exhibit 13,[10] and pages 15, 17-18 of Exhibit 17[11] will be granted insofar as the portions contain information about product specifications, manufacturing processes, and the identification of contract manufacturers. Pursuant to Local Rule 5.6(D)(3), counsel must confer regarding the specific portions of Exhibits 2, 6, 9, 13, and 17 to be redacted and submit proposed redactions within 14 days. If the parties cannot reach an agreement about the redactions, each party must submit proposed redactions to the court for *in camera* review within the same time frame. Finally, Exhibits 10, 11, 12, 15, and 16 contain proprietary information throughout and should be sealed in their entirety.[12] Accordingly,

IT IS ORDERED that Plaintiffs' Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 362) is GRANTED IN PART and DENIED IN PART. The Clerk is directed to maintain under seal Exhibit Nos. 10, 11, 12, 15, and 16 (ECF Nos. 362-22, 362-24, 362-26, 362-32, and 362-34).

---

(citing *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165, 1179 (6th Cir. 1983) (internal quotations omitted)).

[8] Pages 17-23, 25-26, 29-32, 46-47, 61, 64, 67, 70-71, 74, 77-78, and 81-84.

[9] An excerpt of the deposition of its Rule 39(b)(6) witness (ECF No 362-20).

[10] Letter from Plaintiff's counsel to Defense counsel (ECF No. 362-28).

[11] Nurture's Seventh Supplemental Responses and Objections to Plaintiffs' Second Set of Interrogatories (ECF No. 362-36).

[12] ECF Nos. 362-22, 362-24, 362-26, 362-32, and 362-34. *See, e.g., ThinkLite LLC v. TLG Sols., LLC,* 2017 WL 5972888, at *4 (S.D. Fla. Jan. 31, 2017) (finding that complaint stated FUTSA claim where it identified as trade secrets "marketing materials, energy savings calculation models, proposal templates, product warranty and registration form[ ] and product specification sheets, product technical testing reports and certifications, case studies and customer references").

IT IS FURTHER ORDERED that the Clerk maintain Plaintiff's unredacted Memorandum (ECF No. 362-4) and Exhibits 2, 6, 9, 13, and 17 (ECF Nos. 362-6, 362-14, 362-20, 362-28, and 362-36) under seal until, in accordance with Local Rule 5(D), the parties file, within 14 days, an agreed redacted version or further Order of the Court.

New Orleans, Louisiana this 8th day of April, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE