# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARGARET WATKINS AND JAMES WATKINS, ON BEHALF OF THEIR MINOR SON, JMW,<br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>NURTURE, LLC.; HAIN CELESTIAL GROUP, INC.; AMAZON.COM SERVICES LLC; WHOLE FOODS MARKET SERVICES, INC.; AND DOES 1-100,<br>　　　　Defendants. | CASE NO.  22-cv-00551<br><br><br>DISTRICT JUDGE DARREL JAMES PAPILLION<br><br><br><br>MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |

### DECLARATION OF PAUL D. SCHMITT IN SUPPORT OF NURTURE, LLC'S REQUEST TO HAVE CERTAIN CONFIDENTIAL BUSINESS INFORMATION REDACTED ON THE PUBLIC DOCKET AND/OR PLACED UNDER SEAL

I, Paul D. Schmitt, declare and state as follows:

1.　　I am an attorney and Of Counsel at DLA Piper LLP (US).  I am one of the attorneys for Defendant Nurture, LLC.  I am admitted *pro hac vice* in the above-captioned matter (Rec. Doc. 98).

2.　　I have personal knowledge of the facts stated below and if called to testify as a witness, I could and would do so competently.

3.　　I make this declaration in support of Nurture, LLC's request to have certain confidential business information redacted on the public docket and/or remain under seal.

4.　　The confidential business information in question can be found in the supporting exhibits to Plaintiff's Motion for a Modification to the Scheduling Order (*see* Rec. Docs. 325 and 327, hereinafter the "Motion").  Plaintiff filed his Memorandum in Support of the Motion, along with Exhibits 1 through 13, on January 8, 2024.  Rec. Doc. 325.

1

5. Exhibits 1, 5, 9, 10, 11, 12, and 13 to Plaintiff's Motion were filed without redactions on the public docket. These documents need not be sealed or redacted and can remain on the public docket.

6. Plaintiff's Memorandum in Support of the Motion, along with Exhibits 2, 3, 4, 6, 7, and 8, were filed either under seal or in redacted form.

7. On April 11, 2024, the Court ordered Nurture to comply with Local Rule 5.6(D)(2)(b) and file a declaration or statement setting forth the information described in Local Rule 5.6(D)(1)(a)-(d) by April 15, 2024. Rec. Doc. 386.

8. I am familiar with the documents in question and have reviewed them for purposes of submitting this Declaration. For each document, I indicate below whether the document should be unsealed, placed under seal, or redacted on the public docket. All proposed redactions are page-specific.

9. Per the Local Rules, once the Court renders a determination on Plaintiff's Motion to Seal, counsel for Nurture will confer with counsel for Plaintiff regarding the redactions prior to submitting the proposed redacted documents to the Court.

10. As this Court has held, "[c]ourts recognize a common law right to access judicial records and proceedings, but 'the right is not absolute.'" *Reichert v. Starring*, No. CIV.A. 11-2171, 2011 WL 4404117, at *1 (E.D. La. Sept. 21, 2011) (quoting *Bahwell v. Stanley–Bostitch, Inc.*, No. CIV.A. 00–0541, 2002 WL 1298777, at *1 (E.D. La. June 10, 2002)).

11. Nurture's requests regarding sealing and/or redaction of documents, as set forth below, are necessary because the relevant documents contain confidential business information or sensitive personal information. *See N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) ("[S]ealing may be appropriate where [documents] incorporate

confidential business information."); *Gomez v. Biomet 3i, LLC*, No. CV 21-945, 2022 WL 1302885, at *4 (E.D. La. May 2, 2022) ("When a document reflects confidential medical records . . . the court may be justified in sealing those specific portions of the document at issue."); *Ardoin v. CCC Ass'n, Inc.*, No. CV 20-1054, 2022 WL 420765, at *2 (E.D. La. Feb. 11, 2022) (authorizing redaction of medical information).

12.     Nurture further requests that the confidential business information and sensitive medical and personal information set forth below be maintained under seal indefinitely.

13.     Plaintiff filed a redacted version of his Memorandum in Support of the Motion. Rec. Doc. 325-1.  Nurture requests that a redacted version of this document be placed on the public docket, with the unredacted version kept under seal.  Nurture requests redaction of portions of the Memorandum on page 5 because they contain confidential business information regarding Nurture's manufacturing processes.

14.     Exhibit 2 to Plaintiff's Motion is Nurture's Responses and Objections to Plaintiff's Second Set of Interrogatories, dated July 10, 2023.  The Court previously issued a ruling as to permissible redactions to this document when Plaintiff submitted it as Exhibit 2 to Plaintiff's March 26, 2024 Motion to Compel.  *See* Rec. Doc. 377 at 2.  In accordance with the Court's ruling (which permitted redaction of portions of pages 17, 18, 42, 47, 50, and 53-54), Nurture requests that a redacted version of this document be placed on the public docket, with the unredacted version kept under seal, because the document contains Nurture's confidential business information.  Specifically, Nurture requests redaction of portions of the document on pages 17 (sourcing practices), 18 (sourcing practices and identification of source and manufacturer), 42 (manufacturing practices and identification of contract manufacturers), 47 (manufacturing processes and internal business deliberations and decisions), 50 (manufacturing processes and

identification of contract manufacturers), and 53-54 (confidential business projects and manufacturing processes).

15. Exhibit 3 to Plaintiff's Motion is Nurture's First Supplemental Responses and Objections to Plaintiff's Second Set of Interrogatories, dated October 25, 2023. The Court previously issued a ruling as to permissible redactions to this document when Plaintiff submitted it as Exhibit 6 to Plaintiff's March 26, 2024 Motion to Compel. *See* Rec. Doc. 377 at 3. In accordance with the Court's ruling (which permitted redaction of portions of pages 17-23, 25-26, 29-32, 46-47, 61, 64, 67, 70-71, 74, 77-78, and 81-84), Nurture requests that a redacted version of this document be placed on the public docket, with the unredacted version kept under seal, because the document contains Nurture's confidential business information. Specifically, Nurture requests redaction of portions of the document on pages 17-23 (identifying contract manufacturers and ingredient suppliers), 25-26 (sourcing practices and identification of source and manufacturer), 29-30 (sourcing practices and identification of contract manufacturers), 31-32 (identification of ingredient suppliers), 46-47 (testing procedures), 61 (information about internal goal thresholds), 64 (manufacturing practices and identification of contract manufacturers), 67 (internal business decisions regarding manufacture of products), 70 (manufacturing processes and internal business deliberations and decisions), 71 (manufacturing processes and internal business deliberations and decisions), 74 (manufacturing processes and identification of contract manufacturers), 77-78 (manufacturing processes, internal business deliberations and decisions, and internal business projects), and 81-84 (specific business projects and processes).

16. Exhibit 4 to Plaintiff's Motion is Nurture's Second Supplemental Responses and Objections to Plaintiff's Second Set of Interrogatories, dated December 22, 2023. Nurture requests that a redacted version of this document be placed on the public docket, with the unredacted

version kept under seal, because the document contains Nurture's confidential business information. Specifically, Nurture requests redaction of portions of the document on pages 15 and 16 (information on product manufacturing and development).

17. Exhibit 6 to Plaintiff's Motion is Nurture's December 19, 2023 Supplemental Exhibit A to Nurture's Initial Responses to ROGs. This document need not be sealed and can be placed on the public docket unredacted.

18. Exhibit 7 to Plaintiff's Motion is an email chain between Nurture's counsel and Plaintiff's counsel, dated between December 22, 2023 and January 4, 2024. Nurture requests that a redacted version of this document be placed on the public docket, with the unredacted version kept under seal, because the document contains sensitive personal information regarding one of Plaintiff's expert witnesses on page 2 of the email chain.

19. Exhibit 8 to Plaintiff's Motion consists of excerpts of the transcript of the December 13, 2023 hearing on Plaintiff's Motion to Compel and Nurture's Motion for a Protective Order. This document need not be sealed and can be placed on the public docket unredacted.

I hereby declare that the foregoing is true and correct to the best of my knowledge.

Dated: April 15, 2024               By: */s/ Paul D. Schmitt*
                                      Paul D. Schmitt (*pro hac vice*)
                                      **DLA PIPER LLP (US)**
                                      *Counsel for Nurture, LLC*

Respectfully submitted,

**IRWIN FRITCHIE URQUHART MOORE & DANIELS, LLC**

*/s/ Camala E. Capodice*
QUENTIN F. URQUHART, JR. (La. Bar No. 14475)
CAMALA E. CAPODICE (La. Bar No. 29117)
GABRIEL J. WINSBERG (La. Bar No. 38943)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Fax: (504) 310-2101
qurquhart@irwinllc.com
ccapodice@irwinllc.com
gwinsberg@irwinllc.com

AND

**DLA PIPER LLP (US)**
Lyn Pruitt (admitted *pro hac vice*)
10809 Executive Center Drive
Suite 205
Little Rock, AR 72211
Telephone: (214) 743-4582
lyn.pruitt@dlapiper.com

Mary E. Gately (admitted *pro hac vice*)
Paul D. Schmitt (admitted *pro hac vice*)
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4507
Fax: (202) 799-5507
mary.gately@dlapiper.com
paul.schmitt@dlapiper.com

*Counsel for Nurture, LLC*

## CERTIFICATE OF SERVICE

     I hereby certify that on April 15, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

*/s/ Camala E. Capodice*